STATE OF MINNESOTA v. JAMES O'NEIL and Another.[1]

February 2, 1898.

Nos. 10,948—(292).

**Indictment for Robbery in First Degree—Conviction in Second Degree Sustained.**

An indictment charging that the accused, "on * * * at * * * did then and there unlawfully take from the person of F. J., against his will, by means of force and violence, * * * one dollar and fifty cents, * * * the property of F. J., contrary to the form of the statute * * *," is sufficient to sustain a judgment convicting the accused of the crime of robbery in the second degree.

Writ of error brought by James O'Neil and another to review a judgment of the district court for Pine county convicting them of robbery in the second degree. Affirmed.

*Robert Saunders* and *W. H. Williams*, for plaintiffs in error.

*H. W. Childs, Geo. B. Edgerton,* and *L. H. McKusick*, for the State.

START, C. J.

The plaintiffs in error were on April 13, 1897, jointly indicted by the grand jury of the county of Pine for the crime of robbery in the first degree. They were tried jointly, and convicted of robbery in the second degree, and each sentenced to imprisonment in the state prison for the term of five years. Thereupon they sued out a writ of error from this court to review the judgment.

The only question for our decision is whether the indictment is sufficient to support the judgment. The charging part of the indictment is in these words:

"The said James O'Neil and Thomas McCoy on the 20th day of January, 1897, at the village of Sandstone, in the county of. Pine and state of Minnesota, did then and there unlawfully take from the person of Frank Johnson, against his will, by means of force and violence, being aided by an accomplice actually present, one dollar and fifty cents, lawful money of the United States of America, of the value of one dollar and fifty cents, the property of the said Frank Johnson, contrary to the form of the statute in such

[1] Reported in 73 N. W. 1091.

case made and provided, and against the peace and dignity of the state of Minnesota."

The indictment is sufficient if it charges robbery either in the first or second degree, as the crime is defined by the statute.

One objection made to this indictment is that the allegation therein, "being aided by an accomplice actually present," is a conclusion of law, and not of any fact. It seems to be an allegation of a composite, ultimate fact, and sufficient. But it is unnecessary to discuss or decide the question, because it is not necessary, to constitute robbery in the second degree, that the accused should be aided by an accomplice actually present; and the indictment, if sufficient in other respects, is a good one for robbery in the second degree, the crime of which the plaintiffs in error were convicted, if the allegation in question is wholly omitted. G. S. 1894, §§ 6482, 6483.

A further objection to the indictment is that it omits an essential statutory element of the crime, for the reason that it is not alleged how the force and violence were used or directed, whether to the person of the party robbed, or to his property, or to the person or property of a relative or member of his family, or to the person or property of any one in his company at the time of the robbery. If the correct construction of our statute defining the crime of robbery is the one indicated by this objection, the sufficiency of the indictment would be questionable.

Our Penal Code concisely and logically defines the crime of robbery, declares the means by which it may be committed, and divides it into degrees, according to the atrocity of the means used in its perpetration. It declares that the means by which the crime is committed must be either force and violence, or fear; that is, by putting in fear. The means used must be either force or fear, not necessarily both. The statutory definition of the crime is:

"Robbery is the unlawful taking of personal property, from the person or in the presence of another, against his will, by means of force, or violence or fear of injury, immediate or future, to his person or property, or the person or property of a relative or member of his family, or of any one in his company at the time of the robbery." G. S. 1894, § 6478.

"To constitute robbery, the force or fear must be employed either

to obtain or retain possession of the property, or to prevent or overcome resistance to the taking. If employed merely as a means of escape, it does not constitute robbery." Id. § 6479.

"When force is employed in either of the ways specified in the last section, the degree of force employed is immaterial." Id. § 6480.

When the robbery is committed by a person armed with a dangerous weapon, or who is aided by an accomplice, or if he inflicts grievous bodily harm upon the person robbed, or any member of his family, or any one in his company at the time, it is robbery in the first degree. Id. § 6482. When the crime is accomplished under circumstances not amounting to robbery in the first degree, but is perpetrated either by the use of violence, or by putting the person robbed in fear of immediate injury to his person or some one in his company, it is robbery in the second degree. Id. § 6483. A person who robs another under circumstances not amounting to robbery in the first or second degree is guilty of robbery in the third degree; for example, if he robs him by putting him in fear of injury to his property, or of future injury to his person. Id. § 6484.

Reading these several sections together, the meaning of each is obvious, and it becomes perfectly clear that the crime of robbery may be committed in two distinct ways; that is, by unlawfully taking personal property from the person or presence of another against his will, by force and violence, or by putting him in fear of injury to his person, or that of some one in his company or to his property. If force and violence is the means used to commit the crime, fear of injury is not an essential element of the crime, other than such as will be inferred by law from the use of force. If the means used is by putting the party in fear of injury to his person or property, actual force is not an essential element of the crime; for it may or may not be used by the robber to produce the fear in the mind of the person robbed which induces him to give up his property.

Robbery, then, as defined by our Penal Code, is the unlawful taking of personal property, by means of force or violence, from the person or in the presence of another, against his will, or by putting him in fear of injury, immediate or future, to his person or prop-

71 M.—26 .

erty, or the person or property of a relative or member of his family, or any one in his company at the time of the robbery. Therefore, where the crime is committed by taking the property from the person of another by force and violence, against his will, as charged in this case, the alternative means by which the crime can be committed by putting the person robbed in fear, as set forth in the statute defining robbery, is not an essential element of the crime, and need not be charged in the indictment. For the purposes of this case the statute defines robbery as the unlawful taking of personal property from the person of another against his will, by force and violence. This embraces all that is essential to constitute the offense where it is committed by force and violence.

An indictment for a statutory offense is sufficient if it alleges the commission of the crime in the words of the statute, if by that means all that is essential to constitute the offense is directly charged; otherwise it is not. State v. Howard, 66 Minn. 309, 68 N. W. 1096. The indictment in this case follows the words of the statute, and directly charges that the plaintiffs in error did unlawfully take from the person of Frank Johnson, against his will, by means of force and violence, $1.50. This is a direct charge that the force and violence were employed to obtain possession of the money. The degree of force employed was immaterial, and it was not necessary to allege that it was such as to put Johnson in fear of immediate injury to his person, or that of some one in his company. It follows that the indictment is sufficient to support a judgment convicting the plaintiffs in error of the crime of robbery in the second degree.

Judgment affirmed.

CANTY, J.

I concur. Section 6478 does not contain the whole definition of robbery in each of the three degrees, and must be read with the three subsequent sections defining the three degrees. For instance, to constitute robbery in the first degree, the accused must be armed with a dangerous weapon, or he must be aided by an accomplice, or he must inflict grievous bodily harm on the person robbed, or some member of his family, or some one in his company. None of these

elements are contained in the general definition of the crime found in section 6478.

All that it is necessary to determine in this case is whether the indictment sufficiently charges robbery in the second degree; and, to determine this, we must read section 6478, containing the general definition of robbery, with section 6483, containing the further definition of what constitutes robbery in the second degree.

It is contended that this indictment is defective because it does not allege that the "force and violence" were to the person. The general definition in section 6478, taken alone, leaves it doubtful whether "to his person and property," etc., does not apply to "force and violence" as well as "to fear of injury." But this doubt is resolved by the further definition found in section 6483. That section provides that robbery in the second degree "is perpetrated either (1) by the use of violence, or (2) by putting the person robbed in fear of immediate injury to his person or that of some one in his company." Here, the clause "to his person," etc., applies to "fear of immediate injury," but clearly does not apply to "violence." Then, by reading the two sections together, the ambiguity so found in section 6478 is cleared up by section 6483, and the indictment need not charge that "violence" was to the person.