## STATE OF MONTANA, RESPONDENT, *v.* JAMES CLANCY, APPELLANT.

[Submitted Jan. 11, 1898.    Decided Feb. 28, 1898.

*Criminal Practice—Information, Verification of—Robbery— Plea—Reasonable Doubt—Instructions.*

1. CRIMINAL PRACTICE—*Verification of Information.*—The requirements of Section 7, Article 3 of the State Constitution that no warrant shall issue without probable cause, reduced to writing, and supported by oath or affirmation, is, *prima facie*, complied with when the information is signed and filed by the County Attorney.

2. UNDER Section 390 of the Penal Code defining robbery to be "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear;" *held*, that an indictment which charges that the defendant committed the robbery by force and intimidation and by putting one Carroll in fear is sufficient—for, even if it was necessary (which the court refused to decide) to allege the kind of fear by which the taking was accomplished, still the allegation that the taking was accomplished by force and intimidation is sufficient.

3. PLEA IN BEHALF OF DEFENDANT.—Where the record discloses that the defendant refused to plead to any charge contained in the indictment, and that the court thereupon ordered a plea of "not guilty to all charges contained in the indictment," there is a sufficient compliance with Section 1498 of the Penal Code, which provides that "if the defendant refused to answer the indictment or information by demurrer or plea, a plea of not guilty must be entered."

4. INSTRUCTIONS—*Reasonable Doubt.*—Immediately following an instruction defining "reasonable doubt" which has been approved in the Supreme Court, the court below added the following, "that such a doubt, to authorize an acquittal, must be a real, substantial doubt of defendant's guilt upon the whole evidence, and not a mere possibility of his innocence.    A reasonable doubt is said to exist where the [jury do not

feel an abiding conviction, to a moral certainty, of the truth of the charge, or where the evidence does not satisfy the judgment of the truth of the charge with such certainty that a prudent man feels safe in acting upon it in his own most important affairs and dearest personal interests; or unless the evidence convinces the understanding and satisfies the judgment, so that there is an abiding conviction, to a moral certainty, of the truth of the charge, there is reasonable doubt of the guilt. The evidence need not exclude every possible hypothesis but the guilt of the defendant;" *held,* that the rights of the defendant were not prejudiced by the instruction, when the whole charge is considered.

SAME.— The court suggests that it is a matter of regret that trial courts do not adopt such instructions upon the subject of reasonable doubt as have already received the approval of the Supreme Court.

*Appeal from District Court, Silver Bow County. William Clancy, Judge.*

JAMES CLANCY was convicted of robbery, and appeals. Affirmed.

*B. S. Thresher* and *O. L. Bishop,* for Appellant.

*C. B. Nolan,* Attorney General, for the State.

PIGOTT, J.—The defendant was convicted upon an information accusing him of the crime of robbery, and charging his prior conviction of a like offense as the ground for a heavier punishment. By the judgment of the court he was sentenced to imprisonment at hard labor for 31 years. He appeals from the judgment, and from an order denying a new trial.

1. Defendant moved the court below to set aside the information, for the reason that it was not verified; his contention being that such an information does not satisfy the requirements of Section 7 of Article 3 of the Constitution of Montana, to the effect that no warrant to seize any person shall issue without probable cause, reduced to writing, and supported by oath or affirmation. The refusal of the trial court to grant this motion is the basis of the assignments of error upon which defendant chiefly relies.

For the purposes of this case, we shall assume, without deciding, that the question was properly raised by motion, and that the action of the lower court is presented to us for review. We have given the question, which is one of first impression in this court, the most careful consideration. No

useful purpose would be served by a detailed statement of the reasons which constrain us to the decision reached. Some cases are to be found which seem to conflict with the conclusion at which we have arrived, and of these we have not been unmindful. The statute law of the state, while making provision in regard to the contents of an information as well as to its formal parts, and requiring it to be signed by the county attorney, is silent with respect to verification. It is not upon slight or doubtful considerations that a court will declare that the legislature has disobeyed the constitution. (*State* v. *Camp Sing*, 18 Montana 129, 44 Pac. 516.) And this argument would be entitled to some weight were it doubtful whether the constitutional provision here invoked required a specific oath in verification of an information, upon the principle that it is not to be presumed that the legislative assembly has deliberately omitted to provide for an essential and indispensable requisite to the validity of an information; in other words, if the matter were involved in doubt, the meaning given to the constitutional provision, and its interpretation by the lawmaking power, would not be without weight. But we do not think such doubt exists, and hence the principle referred to has not been a reason aiding us in reaching a conclusion.

That portion of Section 7 which is pertinent to the question before us prohibits the issuance of a warrant to seize any person unless probable cause therefor be reduced to writing, and be supported by oath. The duties of the County Attorney are prescribed by law. Among other duties, he is, under certain circumstances, required to file informations. He has taken and subscribed an oath to perform the duties imposed upon him. All the acts of such officers are performed under his oath of office, and every duty he discharges is pursuant to, and in conformity with, the mandates of this oath. He cannot, in anything he does, escape from the force of its obligation. The probable cause which is required by the constitution is made to appear by the information in writing filed by him. This probable cause is necessarily supported by his

official oath, which attends upon and accompanies all his acts, each of which is performed under the sanction of that oath. We are of the opinion, upon reason as well as upon the authority of adjudicated cases, that the requirement of the constitution that no warrant shall issue without probable cause, reduced to writing, and supported by oath or affirmation, is, *prima facie,* satisfied and complied with when an information charging a public offense is filed by the County Attorney; and we are entirely satisfied that such an information is, *prima facie,* the statement of probable cause under oath, equally with an indictment presented upon the oath of grand jurors. In the one case the probable cause is reduced to a written information supported by the official oath of the County Attorney; in the other, to an indictment, supported by the oath of the jurors. In the following citation of cases and text-books will be found countenance for the conclusion announced, although we think reason is so manifestly in accord with the doctrine that the added weight of authority is not needful. (*State* v. *Ransberger,* 106 Mo. 135, 17 S. W. 290; *Territory* v. *Cutinola,* 4 N. M. 160, 14 Pac. 809; *State* v. *Sickle,* Brayt. (Vt.) 132; *People* v. *Graney,* 91 Mich. 646, 52 N. W. 66; *Boyd* v. *U. S.,* 116 U. S. 625 *et seq.,* 6 Sup. Ct. 524; *Gallagher* v. *People,* 120 Ill. 179, 11 N. E. 335; 1 Bishop's New Criminal Procedure, Sections 142-144, 713; 10 Am. and Eng. Enc. Law, 702, 703.)

Some complaint is made of the action of the court in ordering defendant into custody upon the filing of the information; but it does not appear from the record that he was seized either unlawfully or without a warrant.

2. Defendant next contends that the information is insufficient, because it does not define the kind of fear by which the taking was accomplished. The information charges the robbery to have been committed by force and intimidation, and by putting one Carroll in fear. By Section 390 of the Penal Code, robbery is defined as ''the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means

of force or fear.'' The section following defines the fear necessary, which may be either ''the fear of an unlawful injury to the person or property of the person robbed, or any relative of his, or member of his family; or the fear of an immediate and unlawful injury to the person or property of any one in the company of the person robbed at the time of the robbery.'' Without deciding whether the allegation with respect to fear is insufficient, because it omits to describe the kind of fear entertained by Carroll, we think the allegation of force, which is the alternative element in the offense, rendered the information sufficient in this regard; fear being essential only in the absence of force. Eliminating the allegation of fear, the information would be good. (See Bishop's New Criminal Law, Sections 1166-1174; Bishop's Directions and Forms, Section 935.)

3. Claim is made that the record does not affirmatively show that a plea to the information was entered. The record discloses that the defendant ''refuses to plead to any charge contained in the information on file herein, whereupon the court orders a plea of not guilty to be entered to all charges contained in said information.'' This entry shows the facts, and is in substantial compliance with Section 1948, Penal Code, providing that, ''if the defendant refuses to answer the indictment or information by demurrer or plea, a plea of not guilty must be be entered.'' Upon this plea he was tried and convicted. We think the issue was made, and that no right of defendant was invaded or disregarded.

4. After giving the instruction upon the subject of reasonable doubt, approved in *Territory* v. *McAndrews*, 3 Montana 158, and in *State* v. *Gibbs*, 10 Montana 213, 25 Pac. 289, the court charged: ''You are further instructed that if you have a reasonable doubt of the guilt of the defendant, James Clancy, then you must find him not guilty; that such a doubt, to authorize an acquittal, must be a real, substantial doubt of defendant's guilt upon the whole evidence, and not a mere possibility of his innocence. A reasonable doubt is said to exist when the jury do not feel an abiding conviction, to a

moral certainty, of the truth of the charge, or where the evidence does not satisfy the judgment of the truth of the charge with such certainty that a prudent man would feel safe in acting upon it in his own most important affairs and dearest personal interests; or unless the evidence convinces the understanding and satisfies the judgment, so that there is an abiding conviction, to a moral certainty, of the truth of the charge, there is a reasonable doubt of guilt. The evidence need not exclude every possible hypothesis but the guilt of the defendant.''

The rights of the defendant were not prejudiced by this instruction, when the whole charge is considered. (*State* v. *Gibbs, supra.*) It is a matter of regret, however, that certain trial courts continue to seek instructions upon the subject of ''reasonable doubt'' other than those which have received the approval of the Supreme Court, and this practice was adverted to in the case last cited.

We have now considered all the assignments of error requiring comment. In respect to the other assignments, it is sufficient to say that they involve mere technicalities, which did not affect the substantial rights of the defendant, or are otherwise devoid of merit.

The judgment and order appealed from are affirmed.

*Affirmed.*

PEMBERTON, C. J., and HUNT, J., concur.