Case 47.—PROSECUTION AGAINST WILLIAM FINN, ALIAS
THOMAS LOWRY, FOR ROBBERY.—April 25.

## Commonwealth v. Finn.

Appeal from Mason Circuit Court.

JAMES P. HARBISON, Circuit Judge.

Demurrer to part of indictment sustained and Commonwealth appeals. Affirmed.

Robbery — Indictment — Validity — Previous Convictions — Allegations—Judgments in Other States—Cognizance of Foreign Statutes.

1. Robbery—Indictment—Validity—An indictment which charges that the defendant, William Finn, alias Thomas Lowry, did unlawfully, feloniously and forcibly take, steal and carry away one diamond pin, the more exact description of same is unknown to the grand jury, then and there the personal property of W. R. Varian, and of the value of $35 and more, all of which was so feloniously taken, stolen, and carried away from the person of said W. R. Varian, without his consent and against his will, by force and violence and putting him, the said W. R. Varian, in fear of some immediate danger to his person, &c., is a good indictment for robbery.

2. Previous Convictions—Allegations—A second count in the indictment which charges that on the 19th day of July, 1900, the said William Finn, alias Walter Harvey, was convicted of burglary in the State of Wisconsin, and on the 28th day of February, he, the said William Finn, alias Thos. Lowry, alias Harry Ramsey, was convicted of robbery in the State of Louisiana, is not good in that it is not direct and certain as required by sec. 124, Criminal Code, as regards not only the party charged and the offense charged, but the county in which the offense was committed, as well as the particular circumstances of the offense charged in so far as they are necessary to constitute a complete offense.

3. Judgments of Other States—Pleading—Necessity—Good pleading in an indictment where a judgment of a court of another State is relied on, requires that the laws of the State under which the judgment was rendered be pleaded so far as to show the jurisdiction of the court to render the judgment

relied on, and that the trial court in this State may know that the convictions were for felonies punishable by confinement in the penitentiary.

4. Cognizance of Statutes—Courts of this State do not take cognizance of the statutes and jurisdictions of courts of other States, unless pleaded, and they must be pleaded as other facts.

FRANK P. O'DONNELL, County Attorney for Mason County, N. B. HAYS, Attorney General, CHARLES H. MORRIS and ED DAUM, of counsel, for appellant.

This is the criterion of the sufficiency of the allegations: Do they "identify the case in which the conviction took place, so that the defendant could not be misled?" The allegations set out the name of the defendant with particularity, giving his several "aliases;" give the State whose laws he violated and wherein he was convicted; state the day, month and year in which he was convicted; specified the offense of which he was convicted. No additional averment could more unerringly apprise a person of common understanding of what is intended by these averments, or more certainly enable the court to pronounce judgment on conviction according to the right of the case. The law requires no further particularity.

### AUTHORITIES CITED.

Ky. Stats., sec. 1130; Crim. Code, sec. 122; Sweeney v. Commonwealth, 39 S. W., 22; Rector v. Commonwealth, 80 Ky., 468; Oliver v. Commonwealth, 67 S. W., 984; Cyc., vol. 12, p. 950.

SALLEE & SLATTERY for appellee.

### POINTS DISCUSSED.

(a.) Indictment defective because it fails to state that the former convictions were for felonies.

(b.) Indictment defective because it fails to describe time, court and manner of conviction.

(c.) Defective because it fails to state whether or not judgment was entered upon said convictions and still operative.

(d.) The indictment being bad in part, demurrer should have been sustained without limiting its scope.

### AUTHORITIES CITED.

Sec. 1130, Ky. Stats.; sec. 1127, Ky. Stats.; sec. 122, Crim. Code;

Brown v. Commonwealth, 22 Ky. Law Rep., 1582; Oliver v. Commonwealth, 24 Ky. Law Rep., 84.

OPINION BY JUDGE O'REAR—Affirming.

The indictment in this case is in the following language:

"The grand jury of Mason county, in the name and by the authority of the Commonwealth of Kentucky accuse William Finn, alias Thos. Lowry, of the crime of robbery, and two former convictions, committed as follows, viz: The said William Finn, alias Thos. Lowry, on the 7th day of October, 1903, and other days before and since, within twelve months last past, and before the finding of this indictment, in the county aforesaid, did unlawfully, feloniously, and forcibly take, steal, and carry away one diamond pin—the more exact description of same is unknown to the grand jury—then and there the personal property of W. R. Varian, and of the value of thirty-five dollars, and more, and all of which was so feloniously taken, stolen, and carried away by said William Finn, alias Thos. Lowry, from the person of said W. R. Varian, without his consent and against his will, by force and violence, and putting him, the said W. R. Varian, in fear of some immediate injury to his person, contrary to law, and against the peace and dignity of the Commonwealth of Kentucky. Ed Daum, Commonwealth attorney.

"The grand jury further charge that on the 19th day of July, 1900, the aforesaid William Finn, alias Walter Harvey, and alias Edward Harvey, was convicted of burglary in the State of Wisconsin, and that on the 28th day of February, 1902, he, the said William Finn, alias Thos. Lowry, alias Harry Ramsey, was convicted of robbery in the State of Louisiana, contrary

to law, and against the peace and dignity of the Commonwealth of Kentucky.''

The circuit court sustained a demurrer to so much of the indictment as attempted to charge appellee with two former convictions, but overruled the demurrer in so far as it charged appellee with the crime of robbery. The court is of opinion that the ruling in both respects was correct.

Concerning the former conviction, the indictment is fatal, in that it fails to satisfy sec. 124 of the Crim. Code of Practice—that the indictment must be direct and certain as regards not only the party charged and the offense charged, but the county in which the offense was committed, as well as the particular circumstances of the offense charged, in so far as they are necessary to constitute a complete offense. The attempt of the Commonwealth was to charge appellee, by the second count of the indictment, with the offense of being an habitual criminal. It was framed under sec. 1130, Ky. Stats., 1903, which provides that every person convicted a third time of a felony, the punishment of which is confinement in the penitentiary, shall be confined in the penitentiary during his life. The indictment in this case fails to show what the law is in the State of Louisiana and Wisconsin, where it is charged appellee had been previously convicted—in the latter State of robbery, in the former of burglary. It fails to show that these acts were felonies in those States. It is also bad in not showing the courts in which the convictions took place. Good pleading, where a judgment of a court of another State is relied upon, requires that the laws of the State under which the judgment was rendered be pleaded, so as to show the jurisdiction of the court to render the judgment relied upon. It was likewise essential to plead the

laws of the States in which the judgments are claimed to have been rendered, so that the trial court in this State may know whether, in point of fact, the convictions, even if had as claimed, were felonies, the punishment of which was by confinement in the penitentiary. Courts of this State do not take cognizance of the statutes and jurisdictions of courts of other States unless pleaded, and they must be pleaded as other facts. Furthermore, appellee was entitled to be notified explicitly what court in each instance it was that it is claimed had convicted him of the offense alleged, that he might meet the charge by proof.

Therefore the judgment of the circuit court is affirmed.