STATE, RESPONDENT, *v.* PAISLEY, APPELLANT.

36    239
39    533

(No. 2,451.)

(Submitted November 8, 1907.   Decided December 2, 1907.)

[92 Pac. 566.]

*Criminal   Law—Robbery—Prior   Convictions—Information—
Punishment—Instructions—Flight and Concealment—Alibi—
Police Officers—Detectives—Credibility.*

Criminal Law—Robbery—Taking of Property Without Resistance.
  1.  *Obiter:* The taking of personal property from the person or im-
  mediate presence of another without resistance on his part does not
  bring the offense within the definition of robbery. (Pen. Code, sec.
  390.)   To constitute that crime the element of force or fear must be
  present.
Same—Robbery—Information—Degree of Force.
  2.  Since section 390 of the Penal Code does not define the degree of
  force necessary to constitute the taking of personal property from the
  person or immediate presence of another the crime of robbery, an in-
  formation charging such offense need not allege the degree of force
  used in accomplishing it.
Same—Robbery—Force or 'Fear—Information—Sufficiency.
  3.  Assuming that an information charging robbery was defective in
  not stating facts sufficient to allege fear, within the statutory defini-
  tion (Pen. Code, sec. 391), on the part of the person robbed, still, the
  allegation of force, the alternative element of the crime, having been
  sufficient, the pleading was not vulnerable to attack.
Same—Prior Convictions—Information—Essentials.
  4.  In an information charging, *inter alia,* a prior conviction of an
  offense in another state which, in this state, is punishable by imprison-
  ment in the state prison, it is unnecessary to allege the facts con-
  stituting the crime in the foreign state, and it is immaterial whether
  the offense for which defendant is alleged to have been previously con-
  victed in the sister state is a felony there.   It is sufficient, under sec-
  tion 2146 of the Penal Code, to allege the fact of defendant's prior
  conviction of a named offense, indicating the court which rendered
  the judgment and the date thereof.
Same—Robbery—Prior Convictions—Information—Harmless Error.
  5.  Defendant was charged with robbery and prior convictions in
  Colorado of the crimes of burglary and assault to rob.   The latter crime
  is not known under the Penal Code of this state.   The prior convic-
  tion of burglary was sufficiently alleged.   The jury found a verdict of
  guilty and that the charges of both prior convictions were true.   *Held,*
  that, even assuming that the charge of a prior conviction for an as-
  sault to rob was insufficient, that offense being unknown in this state,
  this technical error in pleading will not work a reversal, if the punish-
  ment imposed does not exceed the limit which could properly be imposed
  upon conviction of the crime of robbery and the finding of a prior
  conviction of burglary.

Same—Robbery—Prior Conviction of Burglary—Punishment—Statutory Construction.

6. Defendant was convicted of the crime of robbery, the penalty for which offense may be, under Penal Code, section 392, from one to twenty years' imprisonment. He was also found to have been previously convicted in a foreign state of burglary. The court imposed a sentence of fifty years in the state prison. Subdivision 1 of section 1232, Penal Code, provides that one, once convicted of a felony who is thereafter again convicted of an offense which would be punishable upon a first conviction by imprisonment in the state prison for any term exceeding five years, is then punishable by such imprisonment for not less than ten years. *Held*, that the meaning of subdivision 1 above is, that if the maximum punishment for the offense for which defendant was on trial (robbery in this instance) is more, but not less, than five years' imprisonment, then his punishment could not be less than ten years, and might be extended to life imprisonment; and, hence, that the sentence of fifty years in this case was not unwarranted by law.

Same—Prior Conviction—Information—Surplusage.

7. Since all that is required to be alleged in an information charging, among other things, a prior conviction, is, that defendant was convicted of a named offense, in a certain court on a given date, an allegation that defendant, having in March, 1902, been sentenced to a term of seven years, "did so serve said time" was surplusage; so that defendant's contention that the information charged an impossible state of facts, inasmuch as at the time of trial in March, 1906, only four years had elapsed, has no merit.

Same—Robbery—Prior Conviction—Punishment—Instructions—Harmless Error.

8. Where defendant was charged with robbery and prior convictions, the giving of an instruction, on the question of punishment, embracing all the subdivisions of section 1232, Penal Code, while only subdivision I should have been given, subdivisions 2 and 3 having reference to offenses the punishment for which is five years or less, was improper, but rendered harmless by an instruction embodying the provisions of section 392, Penal Code, prescribing the maximum punishment for robbery at twenty years' imprisonment.

Same.

9. Nor was the giving of instructions defining burglary and prescribing its punishment prejudicial, in the above case, where defendant was also charged with having been previously convicted of burglary; while it would have been sufficient to have charged the jury that such latter offense was punishable by imprisonment in the state prison, the fact that the court was more elaborate in this respect than was necessary could not have harmed defendant, since what the court did say was correct.

Same—Instructions—Appeal—Record—Presumptions.

10. An instruction was given by the court in a prosecution for robbery, referring to "the last two instructions" on the subject of punishment which might be inflicted. Neither of these instructions, however, dealt with that subject. The jury, after retiring, returned into court and requested further instructions relative to the matter of punishment. Such instructions were given, but the record was silent as to their nature. The certificate of the clerk was to the effect that the record contained copies of all papers constituting the judgment-roll. *Held*, that, since it is incumbent upon appellant to point out the specific error upon which he relies, and since proper instructions on the sub-

- ject of punishment were given, in the absence of anything to show which instructions were given in response to the request of the jury, the presumption in favor of the action of the trial court will be indulged.

Same—Flight and Concealment—Instructions.

11. An instruction which substantially told the jury in a criminal action that if they were satisfied that the crime charged in the information had been committed by some one, they might then, in determining the defendant's guilt, take into consideration any testimony showing or tending to show flight or concealment on his part, was correct.

Same—*Alibi*—Instructions—Burden of Proof.

12. Where the jury in a criminal cause had been properly instructed that the burden of proving, beyond a reasonable doubt, that defendant was present and participated in the alleged crime, a subsequent one stating simply that one of the defenses interposed by defendant was an *alibi* and defining that term, was not objectionable as impliedly casting the burden of proving that defense upon the defendant.

Same—Requested Instructions—Refusal—When not Error.

13. The refusal of defendant's requested instructions is not error, where the matter embraced in them is fully covered by those given.

Same—Evidence—Police Officers—Detectives—Credibility—Instructions.

14. An instruction, requested by defendant charged with crime, to the effect that, in weighing the testimony given by police officers and detectives, the jury should exercise greater care than in the case of other witnesses, because of the natural and unavoidable tendency and bias of such persons to construe everything as evidence against the accused and disregard all matters which did not tend to support their preconceived opinions of the case, was properly refused. If given, it would have invaded the province of the jury and been erroneous under any circumstances.

*Appeal from District Court, Silver Bow County; Michael. Donlan, Judge.*

WILLIAM PAISLEY was convicted of robbery, and appeals from the judgment of conviction. Affirmed.

*Mr. Jesse B. Roote, Mr. Peter Breen,* and *Mr. J. Bruce Kremer,* for Appellant.

The charges for prior conviction are fatally defective for failure to allege the law of the state of Colorado to show that the acts alleged were felonies in that state. (*Commonwealth* v. *Finn,* 27 Ky. Law Rep. 771, 86 S. W. 693; *State* v. *Dorr,* 82 Me. 341, 19 Atl. 861; *State* v. *Conwell,* 80 Me. 80, 13 Atl. 49; *Stevens* v. *People,* 1 Hill, 261; *Wood* v. *People,* 53 N. Y. 511.)

In charging a statutory offense nothing can be taken by intendment, but all the facts and circumstances necessary to bring the defendant within the terms of the statute must be alleged;

and where a statute enumerates several elements as combining to create a crime, the crime cannot properly be described without including all these elements. There is no allegation in the information stating facts which bring the offense of robbery within the definition of fear as defined in section 391, Penal Code. (*State* v. *Howerton*, 59 Mo. 91; *State* v. *Helm*, 6 Mo. 264; *State* v. *Jenkins*, 36 Mo. 372; *Slover* v. *Territory*, 5 Okla. 506, 49 Pac. 1009; *United States* v. *Dickey*, 1 Morris (Iowa), 412; *State* v. *Daggs*, 106 Mo. 160, 17 S. W. 306; *Koster* v. *People*, 8 Mich. 431; *Bush* v. *Republic*, 1 Tex. 455; *State* v. *Dicker*, 52 Kan. 193, 34 Pac. 780; *State* v. *Emerick*, 87 Mo. 110.)

The information is further insufficient for the reason that it does not state the force used, the kind or manner of it. (*State* v. *John*, 50 N. C. 163, 69 Am. Dec. 777.) Force that is used merely to snatch or take away property from the person of another, without any resistance on his part, is not sufficient to constitute robbery. (*Spencer* v. *State*, 106 Ga. 692, 32 S. E. 849; *Bonsall* v. *State*, 35 Ind. 460; *Routt* v. *State*, 61 Ark. 594, 34 S. W. 262; *Jackson* v. *State*, 114 Ga. 826, 88 Am. St. Rep. 60, 40 S. E. 1001; *Territory* v. *McKern*, 2 Idaho, 759, 26 Pac. 123; *Hall* v. *People*, 171 Ill. 540, 49 N. E. 495.)

The court erred in giving instruction No. 15. This instruction in so many words tells the jury that flight or concealment is relevant testimony for the prosecution from which guilt may be proven beyond a reasonable doubt. This is clearly erroneous. (*Aaron* v. *State*, 39 Ala. 684; *Hussey* v. *State*, 86 Ala. 34, 5 South. 484; *Logg* v. *People*, 92 Ill. 598; *Mullins* v. *People*, 110 Ill. 42; *Godwin* v. *State*, 73 Miss. 873, 19 South. 712; *Williams* v. *Commonwealth*, 72 Ky. 274; see, also, *Alberty* v. *United States*, 162 U. S. 499, 16 Sup. Ct. 864, 40 L. Ed. 1051; *People* v. *Wong Áh Ngow*, 54 Cal. 151, 35 Am. Rep. 69; *People* v. *Hong Tong*, 85 Cal. 171, 24 Pac. 726; *State* v. *Arthur*, 23 Iowa, 430.)

In criminal prosecutions the testimony of detectives and police officers should be cautiously scrutinized in connection with all the circumstances proven. (*State* v. *Miller*, 9 Houst. 564, 32

Atl. 137; *Heldt* v. *State,* 20 Neb. 492, 57 Am. Rep. 835, 30 N. W. 626; *People* v. *Whitney,* 105 Mich. 622, 63 N. W. 765; *Hostetter Co.* v. *Bower,* 74 Fed. 235; *State* v. *Shew,* 8 Kan. App. 679, 57 Pac. 137.)

The refusal to give an instruction to this effect was held error in *Preuit* v. *People,* 5 Neb. 377. In *Needham* v. *People,* 98 Ill. 278, an instruction as to the credibility of detectives was held proper and approved.

*Mr. Albert J. Galen,* Attorney General, and *Mr. E. M. Hall,* Assistant Attorney General, for Respondent.

The information charging robbery in the language of the statute (Pen. Code, sec. 390) is sufficient without any allegation as to fear. (*State* v. *Clancy,* 20 Mont. 498, 52 Pac. 267; *State* v. *O'Neil,* 71 Minn. 399, 73 N. W. 1091; *Chappel* v. *State,* 52 Ala. 359; *Young* v. *State,* 50 Ark. 501, 8 S. W. 828; *State* v. *Simmons,* 124 Mo. 447, 27 S. W. 1108; *State* v. *Lawler,* 130 Mo. 366, 51 Am. St. Rep. 575, 32 S. W. 979; *State* v. *Patterson,* 42 La. Ann. 934, 8 South. 529; *People* v. *Riley,* 75 Cal. 98, 16 Pac. 544.) Nor was it necessary to allege the kind or degree of force employed or fear aroused. (*State* v. *Gill,* 21 Mont. 151, 53 Pac. 184; *State* v. *Clancy,* 20 Mont. 498, 52 Pac. 267; *State* v. *O'Neil,* 71 Minn. 399, 73 N. W. 1091.)

To instruct the jury that police officers and detectives have a "natural and unavoidable bias to construe everything as evidence against the accused, and disregard everything which does not tend to support their preconceived opinions" would be a direct invasion upon the province of the jury. It practically takes away from the jury the exclusive right of judging of the effect or value of the evidence addressed to them by, in effect, telling the jury that such testimony is valueless and without any weight whatsoever. In the case of *Preuit* v. *People,* 5 Neb. 377, cited by appellant, the court held that a refusal to give an instruction substantially like the above was error. However, we find no statute in Nebraska similar to section 3390 of the Code of Civil Procedure of this state. Under the great

weight of authority such instruction is clearly erroneous. (See Blashfield on Instructions, secs. 225, 227; *State* v. *Hoy,* 83 Minn. 286, 86 N. W. 98; *Pratt* v. *State,* 56 Ind. 179; *Veatch* v. *State,* 56 Ind. 584, 26 Am. Rep. 644; *Greer* v. *State,* 53 Ind. 420.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On March 24, 1906, the county attorney of Silver Bow county filed an information in the district court charging the defendant and appellant, William Paisley, with the crime of robbery. It was also charged in the information that in March, 1902, the defendant was convicted of the crime of burglary in the district court of Larimer county, Colorado; and it is further charged that in May, 1898, the defendant was convicted of the crime of assault to rob and burglary in the district court of Park county, Colorado. To this information the defendant entered a plea of not guilty. A trial was had, which resulted in a verdict finding the defendant guilty of robbery as charged, and which verdict also found that the charges of prior convictions were true. Upon this verdict there was rendered and entered a judgment against the defendant, fixing his punishment at imprisonment in the state prison for fifty years. From the judgment, the defendant appeals.

1. It is contended by the appellant that the information does not state facts sufficient to constitute the crime of robbery. Sections 390 and 391 of the Penal Code read as follows:

"Sec. 390. Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear.

"Sec. 391. The fear mentioned in the last section may be either: (1) The fear of an unlawful injury to the person or property of the person robbed, or of any relative of his, or member of his family; or (2) The fear of an immediate and unlawful injury to the person or property of anyone in the company of the person robbed at the time of the robbery."

The charging part of the information is as follows: "That at the county of Silver Bow, state of Montana, on or about the ninth day of January, A. D. 1906, and before the filing of this information, the said defendant, William Paisley, did willfully, unlawfully, intentionally, feloniously, and violently, and by means of force and putting in fear, take from the possession and from the immediate presence of one Thomas J. Mullane, and against the will of the said Thomas J. Mullane, three thousand five hundred and eighty-six dollars, lawful money of the United States of America, and of the value of three thousand five hundred and eighty-six (a more particular description of which said personal property is to the county attorney aforesaid unknown), which said personal property was then and there in the possession and in the immediate presence of Thomas J. Mullane, which said personal property was then and there owned by the Hennessy Mercantile Company, a corporation; and the said defendant, William Paisley, did violently, willfully, unlawfully, intentionally, feloniously, and by means of said force and putting in fear said Thomas J. Mullane, take, steal, and carry away the said personal property from the possession and immediate presence of the said Thomas J. Mullane, and against the will of said Thomas J. Mullane, with intent then and there in him, the said defendant, William Paisley, willfully, violently, unlawfully, feloniously, and intentionally, and by means of said force and putting in fear the said Thomas J. Mullane, take, steal, and carry away the said above-described personal property from the possession and immediate presence of the said Thomas J. Mullane and against his will, with intent in him, the said defendant William Paisley, to deprive and defraud the Hennessy Mercantile Company, a corporation, of its said personal property, the said Hennessy Mercantile Company, a corporation, being then and there the true owner of said property, and to appropriate the said personal property to his, the defendant's, own use."

In appellant's brief it is said that this information is insufficient, "in this: that it does not state what kind or man-

ner of force was used, or for what purpose the force was used." It is argued that, if the force used was only such as was necessary to take the money without resistance on Mullane's part, it was not the force contemplated by section 390 above, and we think the correctness of that proposition cannot be gainsaid; otherwise there would not be any distinction between robbery and larceny from the person. (*Territory* v. *McKern*, 3 Idaho, 15, 26 Pac. 123.) But the question before us is: Is it necessary for the pleader, in the information, to specify the particular kind or degree of force which was used? The particular kind and degree of fear necessary is defined in section 391 above; but there is not any definition or description whatever of the kind or degree of force required to make out the crime. The language of the statute is in the disjunctive. Either force or fear is sufficient, providing the fear is of that character mentioned in section 391.

In 24 Encyclopedia of Law (second edition), 996, it is said: "While the particular degree of force requisite to effect the crime is not defined by the common law, nor in many of the states by statute, if any injury is done to the person or there is any struggle by the party to keep possession of the property before it is taken from him, there will be a sufficient actual violence. If there is sufficient violence to effect and carry out the evil intent, its degree is not of much importance."

In *State* v. *Brown*, 113 N. C. 645, 18 S. E. 51, the contention was made that "no force is charged" in an indictment charging robbery; but the court said: "The charge that the defendant 'did make an assault,' * * * and 'put in bodily fear and danger of his life,' and 'then and there feloniously and violently did seize, take and carry away' $10 in money from the prosecutor, is a very explicit allegation of force. Indeed, the words 'feloniously and violently' were of themselves sufficient."

The Minnesota Penal Code (Gen. Stats., 1894, sec. 6478) defines robbery as follows: "Robbery is the unlawful taking of personal property, from the person or in the presence of another, against his will, by means of force, or violence or fear

of injury, immediate or future, to his person or property, or the person or property of a relative or member of his family, or of anyone in his company at the time of the robbery." In *State* v. *O'Neil*, 71 Minn. 399, 73 N. W. 1091, the court said: "An indictment for a statutory offense is sufficient if it alleges the commission of the crime in the words of the statute, if by that means all that is essential to constitute the offense is directly charged; otherwise it is not. (*State* v. *Howard*, 66 Minn. 309, 61 Am. St. Rep. 403, 68 N. W. 1096, 34 L. R. A. 178.) The indictment in this case follows the words of the statute, and directly charges that the plaintiffs in error did unlawfully take from the person of Frank Johnson, against his will, by means of force and violence, $1.50. This is a direct charge that the force and violence were employed to obtain possession of the money. The degree of force employed was immaterial, and it was not necessary to allege that it was such as to put Johnson in fear of immediate injury to his person, or that of some one in his company."

The information in this case is in substantially the same language as the information in the case of *State* v. *Clancy*, 20 Mont. 498, 52 Pac. 267, which information was held to be sufficient.

Since the Code does not define the degree of force necessary to constitute the crime, we hold that it is not necessary for the information to charge the degree of force used. The Code says that, if the taking was accomplished by force, it is sufficient; and we think that the allegation that the taking was by means of force is sufficient.

Again it is said: "There is no allegation in the information stating facts which bring the offense within the definition of fear as defined in section 391." But this contention may be disposed of in the language of this court in *State* v. *Clancy*, above, where it is said: "Without deciding whether the allegation with respect to fear is insufficient, because it omits to describe the kind of fear entertained by Carroll, we think the allegation of force, which is the alternative element in the of-

fense, rendered the information sufficient in this regard; fear being essential only in the absence of force. Eliminating the allegation of fear, the information would be good.''

2. The next contention is that the allegations of prior convictions are not sufficient. The first of these allegations, omitting formal parts, is: ''That heretofore, to wit, on the —— day of March, 1902, the said defendant, William Paisley * * * was, by a judgment duly given and made by the district court of the state of Colorado, in and for Larimer county, convicted of the crime of burglary, and on said judgment was sentenced to serve a term of seven years in the state penitentiary of the said state of Colorado, and did so serve said time.'' The second is similar, except that it omits the words ''and did so serve said time.''

Of these allegations it is said by appellant: ''They are fatally defective for failure to allege the law of the state of Colorado to show that such acts were felonies in that state''; and *Commonwealth* v. *Finn*, 27 Ky. Law Rep. 771, 86 S. W. 693, is cited in support of this view. But that case is not in point here. It appears from the opinion that in Kentucky a charge of former conviction is held to be a charge of a separate offense, for the court says: ''The attempt of the commonwealth was to charge appellee by the second count in the indictment with the offense of being an habitual criminal.'' And, since the Code of that state requires that the indictment must be direct and certain as to the circumstances of the offense charged, the reason for the court's conclusion is apparent.

Particular stress is also laid upon the fact that in that case the indictment failed to state in what courts the defendant had been previously convicted. This is done in the information now before us. Furthermore, this court held in *State* v. *Gordon*, 35 Mont. 458, 90 Pac. 173, that the charge of prior conviction is not a charge of a separate offense, and therefore the reason for the conclusion of the Kentucky court is absent here.

Under our Code it is immaterial whether the crime for which the defendant is alleged to have been previously convicted is a felony in the foreign state. Section 1234 of the Penal Code reads as follows: "Every person who has been convicted in any other state, government, or county, *of an offense* which, if committed within this state, would be punishable by the laws of this state by imprisonment in the state prison, is punishable for any subsequent crime committed in this state in the manner prescribed in the last two sections, and to the same extent as if such conviction had taken place in a court of this state."

Our only concern is to know whether the offense for which the defendant was convicted in Colorado is one which in this state subjects an offender to imprisonment in the state prison; and it is not necessary to allege the facts constituting the crime there, for they are not issuable facts. The defendant cannot now ask to have the question of his guilt or innocence of the crime charged against him in Colorado determined. The only issuable fact in this respect is: Was the defendant convicted of the offense named in Colorado? Section 2146 of the Penal Code is conclusive of this. It provides, among other things: "Whenever the fact of a previous conviction of another offense is charged in an indictment or information," etc. Under this statute, all that the pleader is required to do is to allege the fact that the defendant had theretofore been convicted of an offense, naming it, and giving the date and court which rendered the judgment. Courts of other states having different statutes may hold a contrary view; but we are satisfied that our conclusion is the only one which can be sustained by reason, in view of the provisions of our statutes. This is true of all offenses known to our law. But, if the offense is not known to our law, then the statutes above do not govern, and a different rule would have to be applied.

Assuming that the allegations of a prior conviction of the crime of assault to rob are not sufficient, since such a crime by that name is not known to our law, still it does not follow that this judgment must be reversed. The only purpose of such

allegations in any event is to warrant more severe punishment than can be imposed for the particular crime for which the defendant is on trial. If the allegations of the prior conviction of burglary are sufficient, and the punishment imposed in this instance does not exceed the limit which might have been imposed in case of a prior conviction, this court would not be warranted in reversing the judgment, in view of the provisions of sections 2320 and 2600 of the Penal Code. (*State* v. *Gordon, supra.*)

3. But it is urged with particular emphasis that the punishment imposed in this instance was not warranted by law. This contention must be resolved by reference to sections 392 and 1232 of the Penal Code, which provide:

"Sec. 392. Robbery is punishable by imprisonment in the state prison for a term not less than one year nor more than twenty years."

"Sec. 1232. Every person who, having been convicted of any offense punishable by imprisonment in the state prison, commits any crime after such conviction, is punishable therefor as follows: ·

" (1) If the offense of which such person is subsequently convicted is such that, upon a first conviction, an offender would be punishable by imprisonment in the state prison for any term exceeding five years, such person is punishable by imprisonment in the state prison not less than ten years.

" (2) If the subsequent offense is such that, upon a first conviction, the offender would be punishable by imprisonment in the state prison for five years, or any less term, then the person convicted of such subsequent offense is punishable by imprisonment in the state prison not exceeding ten years."

It is said that subdivision 1 of section 1232 is only applicable to crimes the minimum punishment for which exceeds five years' imprisonment, and, since robbery may be punished by imprisonment for a term of one year, this defendant, if punishable at all, could only be punished under subdivision 2 of section 1232, wherein the maximum is fixed at ten years' imprison-

ment; but we cannot agree with the construction of this section for which appellant contends. What is meant by the language employed in subdivision 1 of that section, "would be punishable for any term exceeding five years"? "Punishable" is defined in Webster's International Dictionary as "deserving of or liable to punishment; capable of being punished by law or right." As used in this section, we think it means liable to punishment. Substituting this definition for the word "punishable," subdivision 1 above would read as follows: "If the offense of which such person is subsequently convicted is such that, upon a first conviction, an offender would be liable to punishment by imprisonment in the state prison for any term exceeding five years, such person is punishable by imprisonment in the state prison not less than ten years." In other words, we think this subdivision means that, if the maximum punishment is more, but not less than five years' imprisonment, then the punishment for the offense for which the appellant was being tried under the circumstances could not be less than ten years, and might be extended to life imprisonment.

The appellant's case comes squarely within the meaning of subdivision 1 above, as we have thus construed it; and the court was therefore fully warranted, so far as this record discloses, in meting out the punishment which it did.

4. But it is said that an impossible state of facts is disclosed by the information, in that it is alleged that the defendant was sentenced in 1902 to a term of seven years' imprisonment in the Colorado penitentiary, and did serve said time; and, since seven years have not yet elapsed, the information in effect charges that while the defendant was incarcerated in the Colorado penitentiary he committed robbery in Montana. But, as we have said above, all that was required of the pleader was to state—as he does in this information—that the defendant "on the —— day of March, 1902, was by a judgment duly given and made by the district court of the State of Colorado, in and for Larimer county, convicted of the crime of burglary"; and

the remaining portion of the allegation, "and on said judgment was sentenced to serve a term of seven years in the state penitentiary of the said state of Colorado, and did so serve said time," may be disregarded as surplusage, for whether he ever served a day of his term of imprisonment is entirely immaterial under section 2146 above. No issue could have been raised or tried upon that question. The supreme court of Missouri in *State* v. *Austin,* 113 Mo. 538, 21 S. W. 31, has held to a contrary view—whether under a statute similar to our own we do not know—but, in any event, we are not able to reach any different conclusion from a consideration of the provisions of our Penal Code.

5. Exception is taken to instruction No. 9, given by the court, which copies all of section 1232 above. We think the court should not have given subdivision 2 or 3; but having given an instruction embodying the provisions of section 392, it seems impossible that the jury could have been misled or confused by embracing in instruction No. 9 the portions of section 1232 which were not applicable to this case. And what we have just said is equally applicable to instruction No. 18.

6. While the giving of instruction No. 10 was erroneous, it was error without prejudice. The jury did not fix the punishment, but left it for the court to fix; and since the punishment prescribed by the court is within the limit fixed by the statute, the defendant cannot complain of this technical error, which manifestly did not work to his prejudice.

7. In order to enable the jury to fix the punishment, if they decided to do so, the court gave instructions 11 and 12, defining burglary and the punishment for that crime. This was proper, since the defendant was charged with having been previously convicted of the crime of burglary. The court might · in so many words have told the jury that in this state burglary is punishable by imprisonment in the state prison; but the fact that the court, in doing this, was more elaborate than was necessary, is of no moment, since what the court did tell the jury was correct.

8. Exception is also taken to the giving of instruction No. 13. This is another instruction relating to punishment, but is confusing in that it refers to "the last two instructions," while neither of the two instructions immediately preceding No. 13 relates to the matter to which the court was trying to direct the attention of the jury. The record does show, however, that after the case had been submitted to the jury, and the jury had considered the same for some time, the jury "now return into open court, and request the court for further instructions as to punishment, thereupon defendant objects to the court giving further instructions to the jury, which objections are by the court overruled, and instructions in accordance with the request of the jury are by the court given. Thereupon the jury retires," etc.

The record does not advise us what further instructions the court gave in response to the jury's request. The Code provides that in such a case the court must give such additional instructions, in the presence of the county attorney, the defendant, and his counsel (Pen. Code, sec. 2123), and that such instructions shall be in writing (Pen. Code, sec. 2070, as amended by Act of February 15, 1901; Sess. Laws 1901, p. 173). The instructions are a part of the record of the case or judgment-roll. (Pen. Code, sec. 2229.) The certificate of the clerk is to the effect that the record contains a copy of all papers constituting the judgment-roll; so that such additional instructions so given by the court must be contained in this record, though not by any particular designation. The instructions dealing with the question of punishment are 9, 12, 13 and 18; and since every presumption is in favor of the judgment of the district court, and it is incumbent upon the appellant to point out the specific error upon which he relies, in the absence of anything to show which of these instructions was, or which instructions were, given in response to the request of the jury, we must presume in favor of the action of the trial court; and if, in response to such request, the court gave instruction No. 9, while it includes more than it should, it is not erroneous, as we have

already decided, and by Nos. 11 and 12 doubtless the jury was fully instructed upon the subject. At least, the record fails to show reversible error in giving instruction No. 13.

9. Complaint is made of instruction No. 15. Of course, this instruction is not technically correct. The opening sentence in part is: "Flight or concealment is relevant testimony," etc. Of course, that is not true as a matter of fact. What the court meant to say was that testimony showing or tending to show flight or concealment is relevant testimony; but this is not the objection urged. A correct statement is contained in the body of the instruction.

In appellant's brief it is said that this instruction directly told the jury that "flight or concealment is relevant testimony for the prosecution * * * from which guilt may be proven beyond a reasonable doubt." But this is not what the instruction says. That statement in the brief omits the very important phrase, "and it comes in with other incidents." The word "incidents," as here used, means circumstances. The first part of the instruction assumes to lay down a general proposition of law which is made applicable to the particular case by the following portion of the instruction.

Again, it is contended that this instruction is erroneous, in that "it tells the jury that they may consider the alleged fact of flight in arriving at a verdict after they have arrived at a verdict." But this criticism is not warranted. What the instruction does in effect say is that, if the jury are satisfied that the crime charged in the information has been committed by some one, then they may take into consideration any testimony showing, or tending to show, flight or concealment by the defendant, in determining whether the defendant is the party guilty of the offense; and this is correct. (*State* v. *Lucey,* 24 Mont. 295, 61 Pac. 994.)

The opening sentence of instruction No. 25 is as follows: "You are instructed by the court that one of the defenses interposed by the defendant in this case is what is known in law as an *alibi,* that is, that the defendant was at another place at the

time of the commission of the crime." Appellant contends that the jury would understand from this that the burden was cast upon the defendant to prove the *alibi*. But the instructions must be considered together; and, in view of instruction No. 23, which reads as follows: "The jury will bear in mind that the burden of proving that the defendant was present and participated in the alleged robbery is upon the prosecution, and, if the prosecution fails to prove the presence or participation in the alleged robbery beyond a reasonable doubt, then it is your duty to acquit the defendant"—it is impossible that the jury could have been misled. This same question was reviewed at length in *State* v. *Spotted Hawk*, 22 Mont. 33, 55 Pac. 1026, and we coincide with the views therein expressed.

11. Complaint is made of the refusal of the court to give defendant's requested instructions 29, 32, and 33; but we think the subject matter of these instructions was fully covered by the instructions given.

12. Complaint is also made of the refusal of the court to give instruction No. 39, asked by the defendant, as follows: "You are instructed by the court that in this case there has been testimony given by police officers and detectives, and in weighing their testimony greater care should be used by the jury in relation to the testimony of persons who are interested in or employed to find evidence against the accused than in the case of other witnesses because of the natural and unavoidable tendency and bias of such persons to construe everything as evidence against the accused, and disregard everything which does not tend to support their preconceived opinions of the matter in which they are engaged." Such an instruction is erroneous under any possible theory of this or any other case. Our Code provides: "The jury, subject to the control of the court in the cases specified in this Code, are the judges of the effect or value of evidence addressed to them, except when it is declared to be conclusive," etc. (Code Civ. Proc., sec. 3390.) This statute is the law of the state; and, no matter what other courts may have decided, in the absence of like statutes, we are bound by these

provisions. It was the province of the jury to pass upon the weight of the evidence and the credibility of the witnesses, uninfluenced by any suggestion from the court as to the relative weight of the testimony of the different witnesses. There is not anything in our Code which would warrant the giving of such an instruction, while by an unbroken line of decisions, covering a period practically coextensive with the life of the territory and state, the giving of such an instruction has been held to be erroneous.

We do not concede that this proposed instruction is a correct statement of facts; but, in any event, it is a comment upon the weight of the evidence, and, if it had been given, the court would have invaded the province of the jury.

We find no reversible error in this record, and the judgment is therefore affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.