STATE, RESPONDENT, *v.* KESSLER, APPELLANT.

(No. 5,753.)

(Submitted September 15, 1925.   Decided September 21, 1925.)

[239 Pac. 1000.]

*Intoxicating Liquors—Witnesses—Detectives—Credibility—Improper Instruction.*

Witnesses—Interest in Result of Trial—Instructions.
   1.   The district court may, in its discretion, where the facts warrant it, caution the jury respecting the testimony of witnesses who appear to be interested in the result of the case, provided it does so in an instruction general in character, it being error to single out a particular witness and call its attention to his testimony or to circumstances evincing his interest.

Same—Detectives—Evidence—Weight for Jury.
   2.   The testimony of detectives or decoys employed to ferret out crime is competent, the weight and credibility of their testimony being for the consideration of the jury.

Same—Detectives—Proper Refusal of Instruction.
   3.   An instruction offered by defendant charged with a violation of the liquor law that the jury could take into consideration the interest in the state's witnesses (who were all special officers employed to aid in the enforcement of that law) might have in the outcome of the case was properly refused as commenting on the manner in which their testimony should be viewed.

Criminal Law, 16 C. J., sec. 1110, p. 570, n. 89; sec. 2291, p. 930, n. 93; sec. 2309, p. 940, n. 46; sec. 2440, p. 1015, n. 80.
Witnesses, 40 Cyc., p. 2651, n. 85.

*Appeal from District Court, Missoula County; Theodore Lentz, Judge.*

JOE KESSLER was convicted of selling intoxicating liquor and appeals from the judgment.   Affirmed.

Cause submitted on briefs of Counsel.

*Mr. Harry H. Parsons,* for Appellant.

Citing: *In re Wellcome,* 23 Mont. 450, 59 Pac. 445; *State* v. *Snyder,* 8 Kan. App. 686, 57 Pac. 135; *State* v. *Roberts,* 95

1.   See 14 R. C. L. 744.
2.   Competency of private detective as a witness, see note in Ann. Cas. 1917A, 589.

Kan. 280, 147 Pac. 828; *State* v. *De Lea,* 36 Mont. 531, 93 Pac. 814; *Murray* v. *Butte,* 51 Mont. 258, 151 Pac. 1051; *Atkins* v. *State,* 119 Tenn. 458, 105 S. W. 353; *Westover* v. *Calder,* 64 Mont. 264, 209 Pac. 306; 17 C. J. 1014

*Mr. L. A. Foot,* Attorney General, and *Mr. S. R. Foot,* Assistant Attorney General, for the State.

Citing: *State* v. *De Lea,* 36 Mont. 531, 93 Pac. 814; *State* v. *Mott,* 72 Mont. 306, 233 Pac. 602.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

The defendant, having been convicted for selling intoxicating liquor, has appealed from the judgment.

The appeal is based upon the court's refusal to give to the [1-3] jury this instruction requested by defendant: "You are instructed that you may take into consideration the interest that the state's witnesses may have in the outcome of this case." The witnesses against the defendant, three in number, at the time the acts took place concerning which they testified were special officers employed in aid of the enforcement of the liquor laws. The defendant did not attempt to show, and the evidence does not show, that the witnesses, called detectives by defendant's counsel, had any interest in the outcome of the case, unless it may be said that they were interested because they obtained the evidence which brought the defendant to trial.

The court told the jury that a defendant in a criminal action or proceeding may be sworn and may testify in his own behalf, and the jury, in judging of his credibility and the weight to be given to his testimony, may take into consideration the fact that he is the defendant, and the nature and enormity of the crime of which he is accused, following the language of the first sentence of section 12177, Revised Codes of 1921. It is argued that by giving this instruction the court

singled out the defendant, thereby directing particular attention to his testimony and not to his advantage.

In *State* v. *De Lea*, 36 Mont. 531, 93 Pac. 814, a somewhat similar contention was before the court, it being urged that "a court ought not to single out a particular witness and direct the attention of the jury to his testimony." While recognizing the accuracy of the statement as applied to witnesses in general the court called attention to the fact that section 2442, Revised Codes of 1907, now section 12177, Revised Codes of 1921, has made an exception to the general rule: That section prescribes the standard by which the jury shall judge of the defendant's credibility, and consequently it is necessary that the jury be advised of that standard. But, says counsel for defendant, if the instruction be given, the court should also give an instruction calling attention to the interest of other witnesses, especially when they are officers or detectives.

It is always competent for the jury in weighing the evidence of a witness to take into consideration the interest, if any, which he has in the result of the trial (*State* v. *Fuller*, 34 Mont. 12, 9 Ann. Cas. 648, 8 L. R. A. (n. s.) 762, 85 Pac. 369), and the court may, if the facts seem to call for it, caution the jury to consider whether such interest is apparent and if it is, to weigh and credit the testimony accordingly (*White* v. *Chicago, M. & P. S. Ry. Co.*, 49 Mont. 419, 143 Pac. 561). In the *White Case* it is said that "in any case, the court has a wide discretion as to the extent it should go in submitting specific instructions in this behalf" (sec. 10672, Rev. Codes 1921); and further, that ordinarily a general instruction embodying the provisions of section 7864, Revised Codes of 1907 (now section 10508, Revised Codes of 1921), is sufficient.

In the instant case the court gave to the jury an instruction based upon section 10508 in the following language: "A witness is presumed to speak the truth. This presumption,

however, may be repelled by the manner in which he testifies, by the character of his testimony, or by evidence affecting his character for truth, honesty, and integrity, or his motives or by contradictory evidence, and the jury are the exclusive judges of his credibility and the weight to be given to his testimony." It will be observed that the instruction advised the jury that while a witness is presumed to speak the truth this presumption may be repelled in several ways, among others, by his motives. By what influence is he moved to give the testimony which he gives? Is he impelled by a simple and whole-hearted desire to tell the truth, or is he swerved by his bias, prejudice or interest in the outcome of the suit? Surely these inquiries must occur to the jury when it is told that the testimony of a witness is to be considered in the light of his motives.

It may be repeated, then, that ordinarily an instruction based upon section 10508 is sufficient in this behalf; but facts may arise which indicate that the jury should be cautioned respecting the testimony of witnesses who appear to be interested in the result of the case; this must be confided to the sound discretion of the trial judge. When the instruction is given it must be general in character; it must not (except where regulated by statute) single out a particular witness and call the attention of the jury to his testimony or circumstances evincing his interest (*White* v. *Chicago, M. & P. S. Ry. Co., supra*); it is the province of the jury to pass upon the weight of the evidence and the credibility of the witnesses, uninfluenced by any suggestion from the court as to the relative weight of the testimony of the different witnesses (*State* v. *Paisley,* 36 Mont. 237, 92 Pac. 566). So long as judges are not permitted to comment on the weight of the evidence, this must be the rule.

The requested instruction referring to "the state's witnesses" is objectionable. The testimony of detectives or decoys employed to ferret out crime is competent, the weight and

credibility of their testimony being for the consideration of the jury (*State* v. *Johnson,* 62 Mont. 503, 205 Pac. 661), but an instruction commenting on the manner in which the jury should view their evidence is improper for the reasons above stated (*State* v. *Paisley, supra; State* v. *Mott,* 72 Mont. 306, 233 Pac. 602).

The judgment is affirmed.

'*Affirmed.*

ASSOCIATE JUSTICES HOLLOWAY, GALEN, STARK and MATTHEWS concur.