STATE, RESPONDENT, *v.* JOHNSON; APPELLANT.

26   9<br>39   533

(No. 1,632.)

(Submitted October 2, 1901.  Decided October 21, 1901.)

*Criminal Law—Robbery—Definition—Instructions.*

1. Under Penal Code, Sec. 390, defining robbery as the felonious taking of
   personal property in the possession of another from his person or imme-
   diate presence, and against his will, "accomplished" by means of force or
   fear, an instruction defining robbery in the same terms, except using the
   word "accompanied," is reversible error.
2. An erroneous instruction is presumptively prejudicial.

*Appeal from District Court, Silver Bow County; William
Clancy, Judge.*

GEORGE JOHNSON was convicted of robbery, and he appeals.
Reversed.

*Mr. B. S. Thresher,* for Appellant.

*Mr. James Donovan, Attorney General,* for the State.

MR. JUSTICE PIGOTT delivered the opinion of the court.

· The defendant has appealed from a judgment of conviction
for the crime of robbery, specifying as the only error the giving
by the district court of the following instruction: "Robbery

is the felonious taking of personal property from the possession of another, from his person or immediate presence, and against his will, accompanied by means of force or fear."

The attorney general insists that this instruction states all the elements necessary to constitute robbery, which, by Section 390 of the Penal Code, is defined to be "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." He argues that the definition given by the instruction is the substantial equivalent of the statutory definition. We are unable to agree with him. Between "accomplished" and "accompanied" a clear distinction in meaning exists; for example, thunder often accompanies lightning, but thunder is not the means or agency whereby the physical results of lightning are accomplished. Again, the means by which an act could have been accomplished may have accompanied the doing of the act without being the efficient means or agency— that is, without accomplishing it. A deadly weapon or a squad of armed soldiers is a means of force; so either may inspire fear and in that sense be the means of fear; but it cannot correctly be said, as matter of law, that because such means of force or fear accompanied an act the act was accomplished thereby. There can be no robbery unless the taking is accomplished, that is, effected, by means of force or fear. The agency—the means —whereby the felonious taking is effected, that is, accomplished, must be force or fear, otherwise robbery is not committed. Many felonious asportations from the person or immediate presence of another are accompanied, that is, attended, by means of force and (perhaps) fear without being accomplished by means of either. A. feloniously and against B.'s will takes from the person of B. a chattel in his possession, the taking being accompanied, but not accomplished, by means of force. Although A. may be guilty of larceny, he is not guilty of robbery. The means of force and fear may accompany—that is, be present at, go with, or be associated with—a felonious taking and yet not be the means, or agency, by which the taking is accomplished—

that is, effected, consummated, completed, or executed.    The instruction would not be bettered by eliminating the words "means of;" it would then read:  "Robbery is the felonious taking of personal property from the possession of another, from his person or immediate presence, and against his will, accompanied by force or fear."    The instruction would still be fatally bad, for the taking may be accompanied by force and fear and yet not be accomplished by either.

Whether the instruction declares that, in robbery, the taking need not be from the person or immediate presence of another but is sufficient if it be from the possession of another, we do not decide.   As the question whether the instruction is open to this objection is not likely to arise on a new trial, we express no opinion thereon.

The defendant was entitled to a correct instruction defining the crime of which he stood charged.  An essential element was omitted in the instruction given.    This was erroneous and, presumptively, prejudicial to the defendant.

The judgment is reversed, and the cause is remanded for a new trial.

*Reversed and remanded.*