STATE, RESPONDENT, *v.* PEMBERTON, APPELLANT.

(No. 2,696.)

(Submitted October 25, 1909. Decided October 30, 1909.) .

[104 Pac. 556.]

*Criminal Law—Robbery—Information—Sufficiency—Waiver—Offer of Proof—Refusal—Evidence—Admissibility—Instructions—Harmless Error.*

Robbery—Information—Sufficiency.

1. An information charging that defendant did willfully, feloniously, etc., and with force and fear, commit the crime of robbery on one M., and taking from his person and immediate presence, with force against his will, certain articles of value, etc., was not fatally defective because charging the offense in the form of participial clauses instead of by direct allegation. The pleading was such as to enable a person of ordinary understanding to know what was intended to be charged, and therefore sufficient, under sections 9147, 9156, Revised Codes.

Same.

2. Nor was the information above set forth, objectionable because, instead of charging, in the words of the statute (Rev. Codes, sec. 8309), that the taking was accomplished "by means of force or fear," it alleged that it had been accomplished "with" force and fear; the word "with" being, in this connection, equivalent to the expression "by means of." *o*

Same—Information—Defects—Motion in Arrest—Waiver.

3. Defects in an information which, under section 9200, Revised Codes, must be taken advantage of by special demurrer, may not be urged in support of a motion in arrest of judgment; on such a motion all defects, except that of want of jurisdiction and the insufficiency of facts to state a public offense, are deemed waived.

Same—Offer of Proof—Exclusion—When Proper.

4. Error cannot be predicated on the exclusion of an offer of proof covering a subject fully developed by other testimony.

Same—Evidence—Mental Condition—Remoteness.

5. Defendant, charged with robbery, offered testimony to show that the prosecuting witness, when intoxicated, was subject to the hallucination that he was being or had been robbed, and in support thereof tendered proof to show that some fourteen years before he had a similar delusion. *Held,* that the offer was properly excluded, proof of a single instance of such derangement of mind, at so remote a period, being insufficient to show that the witness was affected with an habitual tendency or disposition to become subject to it whenever intoxicated.

Same—Instructions—Definition of Crime—Harmless Error.

6. Where the court in other portions of the charge had correctly defined the crime of robbery, its failure to instruct, in a paragraph enumerating the material and necessary allegations in the information which the state was obliged to establish beyond a reasonable doubt,

that the property must have been taken from the person or immediate presence of the prosecuting witness, was not prejudicial, in the light of the state's evidence, showing that defendant had assaulted the latter and, after choking and beating him into insensibility, had taken the property in question from his person.

*Appeal from District Court, Powell County; Geo. B. Winston, Judge.*

ARTHUR L. PEMBERTON was convicted of robbery, and appeals from the judgment of conviction. Affirmed.

There was a brief by *Messrs. Rodgers & Rodgers,* and *Mr. Moncure Cockrell,* for Appellant; oral argument by *Mr. Hiram Rodgers.*

*Mr. Albert J. Galen,* Attorney General, and *Mr. E. M. Hall,* Assistant Attorney General, submitted a brief on behalf of Respondent; *Mr. Hall* arguing the cause orally.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

The defendant was charged jointly with one William S. Ellison with the crime of robbery. He demanded, and was granted a separate trial, and was by the verdict of the jury found guilty. From the judgment entered thereon he has appealed. The charging part of the information is the following: "That said defendants, William S. Ellison and Arthur L. Pemberton, on or about the sixth day of December, A. D. 1907, and before the making and filing of this information, and at and in the county of Powell, state of Montana, did then and there willfully, unlawfully, and feloniously, and with force and fear, commit the crime of robbery upon one John Mathison by willfully, unlawfully, and feloniously, and with force and intimidation, and putting in fear of great bodily harm, him, said John Mathison, and taking from the person and immediate presence of said John Mathison, with force against his will, the sum of two dollars lawful money of the United States, one gold watch and

chain, of the value of fifty dollars, one pocket knife, one bunch of keys and one plug of tobacco (a further or more particular description of which said money and articles being to said county attorney unknown), all of said money and articles then and there being in the possession of said John Mathison, and all of said money and articles then and there being of the personal property, goods and chattels of said John Mathison, with intent in them, said defendants, William S. Ellison and Arthur L. Pemberton, then and there willfully, unlawfully, and feloniously, with force and fear to rob said John Mathison, the true and lawful owner thereof, of the use and benefit and possession of his said personal property, and to appropriate the same to their own personal use," etc.

1. The sufficiency of the information is attacked on two grounds: (1) That the language in which the charge is couched is mere recital and not direct averment; and (2) that it is not alleged that the taking of the property was accomplished by force or fear.

The statute defines robbery as follows: "Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." (Revised Codes, sec. 8309.) It is true that the statements of the facts constituting the charge are in the form of participial clauses, instead of direct allegation. This method of pleading is not commended, yet, under the liberal rules provided by our Code, we feel justified in concluding that the form of statement employed does not render it abortive. The statute requires an indictment or information to contain a statement of the facts in ordinary and concise language in such manner as to enable a person of ordinary understanding to know what is intended. (Revised Codes, sec. 9147.) It is sufficient if it meets this requirement. (Revised Codes, sec. 9156.) It cannot be doubted that any person, even of the most ordinary understanding, would know from the reading of this information that the defendant is charged with having feloniously taken from the person or immediate

presence of John Mathison the property described by means of force or fear. This is a fair and reasonable construction of the pleading; indeed, the only one of which it is susceptible.

It is also said that the word ''with'' does not appropriately express the means by which the taking was accomplished, and hence that one of the elements of the crime, as defined by the statute, to-wit, that it must have been accomplished by force or fear, is omitted from the charge. This contention is also without substantial merit. It is always better that the charge be made in the language of the statute, but the necessity to pursue this course is not imperative in any case. Terms expressive of the same idea may be employed provided only they embody the essential elements of the crime as defined in the statute. It is said that the word ''with'' denotes accompaniment, and hence that the information is in equal fault with the one held insufficient in *State* v. *Johnson,* 26 Mont. 9, 66 Pac. 290, in which the words ''accompanied by means of force or fear'' were used. It is true the term denotes accompaniment, association, proximity, and this is its primary meaning. It likewise denotes the means or instrumentality by which an end or purpose is accomplished, and in this case is synonymous with ''by'' when used in the same sense. (Century Dictionary; International Dictionary.) In the latter sense it is used here and is equivalent to the expression ''by means of.''

The information is substantially the same as those considered in *State* v. *Clancy,* 20 Mont. 498, 52 Pac. 267, *State* v. *Paisley,* 36 Mont. 237, 92 Pac. 566, and *State* v. *Howard,* 30 Mont. 518, 77 Pac. 50. The most that can be said of either of the contentions is that the charge is not as direct and certain in its allegations as it might have been, and was therefore open to attack by special demurrer. (Revised Codes, secs. 9149, 9200.) Here the attack was made in the trial court by motion in arrest of judgment; hence all questions arising upon alleged defects in the information, except that of want of jurisdiction and the sufficiency of the facts to state a public offense, were waived. (Revised Codes, sec. 9208.)

2. Upon cross-examination of the prosecuting witness Mathison, he was not permitted to answer the following question put to him by counsel for the defendant: "Q. Mr. Mathison, I want to ask you when you were building the road over here to Rock Creek in the year 1894 that you testified to, if upon that day, in company with Ed Spensely, you were not in town here, and that you and Spensely started out in a wagon, and that you were drunk, so drunk that, when you got out between here and Rock Creek lake, you took your pistol and commenced pulling into the woods, and told Spensely that there were some robbers trying to hold you up, and that he tried to persuade you out of that opinion, you turned around and went to town, and went up to see Nick Bielenberg at the club and some other people there, and if you did not ask them to go on your bonds and told them you had been arrested for killing a man who had tried to rob you on the road between here and Rock Creek." This ruling was upon objection made by the county attorney that the incident called for was too remote to reflect in any way upon the condition of the witness at the time of the alleged robbery, and was therefore immaterial. Counsel for defendant then made an offer to prove by the witness substantially the same facts detailed in the question, but supplementing them by the additional fact that the witness was intoxicated at the time the robbery in question was committed. The court excluded the offer for the same reason. As stated by counsel, the purpose was to enable the jury to draw the inference that the account given by the witness of the robbery was the result of a similar hallucination, and was therefore false. It was competent to question the witness as to his sobriety, or to show by other evidence that he was so much intoxicated that he did not understand what took place, or that he was not able to observe with sufficient clearness to enable him thereafter to identify his alleged assailant. This feature of the offer had already been gone into fully upon the cross-examination of this witness, and subsequently the testimony of other witnesses was introduced tending to show his condition within a few minutes prior to the time of the assault.

Error cannot therefore be predicated upon the exclusion of this feature of the offer. The other feature of it was an attempt on the part of counsel to show an habitual tendency or disposition of the witness to become subject to the particular hallucination whenever he became intoxicated, by proof of the single instance occurring in 1894, about fourteen years before. This cannot be done, any more than proof can be made that a witness is inherently dishonest in character by adducing evidence of a single dishonest act of which he had at some remote time been guilty. This can be done, if at all, only by the testimony of witnesses who speak from knowledge of the attributes and tendencies of the particular person gained by association and observation. As a matter of fact, however, this witness, immediately following the offer, stated in the presence of the jury that no such incident as that related in the offer had ever occurred. There was no error in the ruling.

3. Among the instructions the court submitted the following: "(D) The material and necessary allegations of the information herein and which must be established by the state beyond a reasonable doubt are the following: That the defendant Arthur L. Pemberton either alone or in company with some other person did on or about the sixth day of December, A. D. 1907, and before the making and filing of the information herein and at and in the county of Powell, and state of Montana, willfully and unlawfully and feloniously take from the possession of one John Mathison the property mentioned and described in the information herein or some part thereof. That the said John Mathison then owned said property, or had a right to its possession. That in taking the said property the said defendant intended to steal the same; that is, to deprive the owner permanently thereof. That such taking was against the will of the said John Mathison, and was accomplished either by means of physical force or by putting the said John Mathison in such fear of personal violence that he dared not resist the taking of such property. And the jury must find all these allegations to be true beyond a reasonable doubt before they can convict the defendant. If the

jury do not find from the evidence all these allegations to be true beyond a reasonable doubt, they should acquit the defendant." The contention is that the jury might have found everything stated in this paragraph to be literally true, and yet the defendant was entitled to an acquittal because of the omission to state that the property must have been taken from the person or immediate presence of Mathison. It is true the instruction does not contain the specific statement referred to. Yet, after an examination of the whole charge in the light of the evidence, we are of the opinion that the defendant was not prejudiced. Robbery was elsewhere correctly defined. The evidence on the part of the prosecution tended to show that defendant and Ellison had assaulted Mathison, and, after choking and beating him into insensibility, had taken the articles from his person. There was no question but that every element of the crime was present, if the testimony of the state's witnesses was to be taken as true. Therefore the finding of the jury that the property was taken from Mathison was necessarily a finding that it was taken from his person. The jury could not, therefore, have been misled.

The judgment is affirmed.

*Affirmed.*

MR. JUSTICE SMITH and MR. JUSTICE HOLLOWAY concur.