No. 92-328

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

STATE OF MONTANA,

      Plaintiff and Respondent,

-vs-

DALE LEE JOHNSON,

      Defendant and Appellant.

APPEAL FROM:   District Court of the Seventh Judicial District,
In and for the County of Dawson,
The Honorable Dale Cox, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          William F. Hooks, Appellate Defender Office, Helena,
Montana

      For Respondent:

          Hon. Marc Racicot, Attorney General; Cregg Coughlin,
Assistant Attorney General, Helena, Montana
Gerald J. Navratil, Dawson County Attorney's Office,
Glendive, Montana

FILED

MAR 2 1993

Filed: Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:   November 12, 1992

Decided:   March 2, 1993

Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from a jury verdict finding the appellant, Dale Lee Johnson (Johnson), guilty of the crime of burglary. This appeal is from the Seventh Judicial District of the State of Montana, in and for the County of Dawson, the Honorable Dale Cox presiding. We affirm.

The following are the restated issues on appeal:

1. Has Johnson waived any claim that testimony of the accomplice was insufficiently corroborated?

2. Has Johnson waived any objection to the place of trial?

3. Was there sufficient evidence from which the jury could determine that the crime was committed in Dawson County?

4. Has Johnson waived any claim that the State improperly bolstered the credibility of its witness?

5. Was Johnson provided effective assistance of counsel?

During the evening of September 27 or the morning of September 28, 1991, Larry's Interstate Exxon in Glendive, Montana, was burglarized. The owner of the gas station testified that he found a window at the rear of his station had been damaged, and the entire plate glass in the front door to the business knocked out. The owner testified that cigarettes, jerky, beer and coins were stolen from the business.

At the time of the burglary in September, 1991, Johnson and his common-law wife, Lori, were sharing their home with several people: Terri; her son, Beau; and Terri's boyfriend, Dave. Prior to the burglary Terry Kelly (Kelly) had resided with Johnson, but

2

at the time of the burglary Kelly was living in another house in Glendive with Daryl Thies (Thies) and Theresa Upchurch.

Kelly was picked up by the Glendive police after he had gotten into a fight in town and he was eventually bussed out of town following the affair. At the time Kelly was picked up, the police asked him whether he had anything to do with the Exxon burglary; he denied any involvement. In January 1992, Kelly was arrested in Great Falls, Montana, and after being returned to Glendive he gave the authorities a statement as to what had happened during the evening of September 27, 1991.

During the trial, Kelly stated that on the evening of September 27, 1991, he, Johnson and Thies were drinking beer at the house Kelly shared with Thies and Upchurch. Kelly testified that Johnson, who was a former employee of Larry's Interstate Exxon, knew of a place that "would be easy to knock . . . off." Kelly testified that he did not think it was such a good idea, but he went along with the plan due to being "drunk" at the time. According to Kelly, he and Johnson left on a motorcycle for Johnson's house where they retrieved plastic bags and a pillowcase before driving to the Exxon station. They parked the motorcycle off the road in some trees. Kelly testified that while Johnson went to the rear of the building Kelly attempted to kick in the front window; he eventually knocked the front window out with a large piece of wood. Once inside, Kelly grabbed a jar of coins totalling approximately $50 and he took cigarettes from the station's freezer; Johnson took jerky from the counter. Kelly and

3

Johnson left the station and went to Johnson's house where they divided the coins, cigarettes and jerky.

Testimony at trial included that of one of Johnson's house guests, Terri, who testified that she awoke around 3:30 to 4:00 a.m. on the morning of September 28, 1991. Terri testified that after she entered the kitchen she saw Kelly and Johnson at the kitchen table which was strewn with beer, cartons of cigarettes, and jerky. Terri testified that the two were drinking beer and "talking about what they had just done at Larry's Exxon." She also saw other cartons of cigarettes and containers of jerky in the freezer. From what she observed and heard from Kelly and Johnson, Terri testified that she got the impression that both Kelly and Johnson had participated in the commission of the burglary on Larry's Interstate Exxon.

The jury found Johnson guilty of burglary and not guilty of an unrelated charge of theft.

I

Has Johnson waived any claim that testimony of the accomplice was insufficiently corroborated?

It is Johnson's position that the testimony of Kelly, an accomplice, was insufficiently corroborated. Kelly was an accomplice to the burglary and was charged with the burglary along with Johnson. He pled guilty to that offense and was sentenced by the District Court in Dawson County. There is no question that Kelly was responsible or legally accountable for the burglary, therefore, under § 46-16-213, MCA, his testimony, standing alone,

4

would not have been sufficient to convict Johnson.

While Johnson argues that evidence corroborating the testimony of the accomplice, Kelly, was insufficient to sustain a conviction, there is nothing in the record that disclosed a challenge to the sufficiency of the corroborative evidence, or the evidence as a whole, by way of either a motion for an acquittal or a motion for a directed verdict. We have noted in numerous opinions that this Court will not notice an allegation of error raised for the first time on appeal when the appellant had the opportunity to make such an objection at the trial level. See § 46-20-104(2), MCA; State v. Kaczmarek (1990), 243 Mont. 456, 795 P.2d 439. While Johnson did move the District Court to dismiss the charges on the ground that he had not been personally identified in court by Kelly, he did not move for a directed verdict or an acquittal based upon a claim of insufficiency of the evidence, either as a whole or as to evidence corroborating the accomplice testimony. We conclude that Johnson waived any claim that the accomplice testimony was insufficiently corroborated.

II

Has Johnson waived any objection to the place of trial?

On appeal, Johnson raises for the first time the issue that the State failed to sufficiently prove at trial that the burglary was committed in Dawson County. The question is one of venue. Although venue is not an element of the crime, it is a jurisdictional fact that must be proven at trial just as any other material element. State v. Preite (1977), 172 Mont. 318, 323, 564

P.2d 598, 600-601. Unlike a claim that venue is improper, which must be raised before trial according to § 46-3-111, MCA, the issue of whether the State has satisfied its burden, may be raised for the first time on appeal. State v. Bad Horse (1980), 185 Mont. 507, 515, 605 P.2d 1113, 1117.

III

Was there sufficient evidence from which the jury could determine that the crime was committed in Dawson County?

In a criminal case, venue must be proven beyond a reasonable doubt. State v. Bretz (1979), 185 Mont. 253, 285, 605 P.2d 974, 993, cert. denied, 444 U.S. 994 (1979), reh'g denied, 444 U.S. 1104 (1980). We find there was sufficient evidence presented to the jury by which it could have reasonably concluded that the offense was committed in Dawson County. First, the owner of Larry's Exxon, Larry Schlenz, testified that Larry's Interstate Exxon station was located on Highway 16, just north of the interstate on the Sidney highway. Next, Kelly testified that the station was close to the interstate on the Sidney highway. Finally, Johnson's common-law wife, Lori, agreed that the station was located "out at the Sidney highway on the interstate."

Even Johnson acknowledges in raising this issue that direct testimony that the offense was committed in a specific county is not required to prove venue, noting several Montana cases wherein this Court determined that venue was sufficiently proven by witnesses' references to either a city or city streets. See, e.g., State v. Williams (1949), 122 Mont. 279, 202 P.2d 245; State v.

6

Jackson (1979), 180 Mont. 195, 589 P.2d 1009. In the present case, three witnesses testified that Larry's Exxon station was on the Sidney highway (Highway 16) near the interstate. We note that these highways intersect in south-central Dawson County and that it is approximately twenty miles from that intersection to the county line. The jury heard sufficient evidence to determine that the offense occurred in Dawson County. We conclude that the jury properly determined that the crime was committed in Dawson County.

## IV

Has Johnson waived any claim that the State improperly bolstered the credibility of its witness?

Johnson argues that the District Court erred in permitting the State to question Terri about the threats made against her by Johnson after he was charged with the burglary. His only objection to her testimony at the time of trial was that it was irrelevant. Johnson, in order to preserve for appeal any objection he had at the trial court level must raise the issue before the District Court and may not address the issue on appeal if it was not raised below. "It is a well-settled rule that on appeal this Court will consider for review only those questions raised in the trial court." State v. Campbell (1981), 191 Mont. 75, 79, 622 P.2d 200, 202. We conclude that Johnson waived any claim that the State improperly bolstered the credibility of its witness.

## V

Was Johnson provided effective assistance of counsel?

Defendant contends that his counsel incorrectly failed to

7

request a jury instruction providing that accomplice testimony must be viewed with distrust. Defendant relies on State v. Laubach (1982), 201 Mont. 226, 653 P.2d 844, in which this Court reversed Laubach's conviction because of the trial court's failure to instruct the jury "that accomplice testimony must be viewed with distrust." Laubach, 653 P.2d at 847. The controlling statute referred to in Laubach is § 26-1-303(4), MCA (1991), which states in pertinent part:

**Instructions to jury on how to evaluate evidence.** The jury is to be instructed by the court <u>on all proper occasions</u> that:

. . .

(4) the testimony of a person legally accountable for the acts of the accused ought to be viewed with distrust. [Emphasis supplied.]

Laubach concluded that the language of the statute was mandatory and reversed the conviction, ordering retrial.

As underscored, § 26-1-303(4), MCA, provides that the jury is to be instructed on "all proper occasions." We conclude the facts in Laubach provided a proper occasion for the use of the jury instruction. However, we conclude that the Laubach holding was too broad. We conclude the holding should be limited by the wording of the statute. We hold that Laubach is overruled to the extent that it requires giving the instruction in all cases involving accomplice testimony. The record in this case disclosed significant accomplice testimony. If the defendant had requested an instruction on accomplice testimony, then under the statute such instruction should have been given.

8

The issue before us, however, is whether it was ineffective assistance of counsel for defense counsel to fail to request such an instruction. In his presentation the defendant contended he was not present at the scene of the crime. An accomplice instruction could be considered inconsistent with that defense. It is clear that the giving of the instruction under the circumstances of this case involved a tactical decision on the part of counsel. We will not second guess such tactical choices. We conclude defendant has failed to demonstrate any error on the part of his counsel in failing to request the instruction. We hold defendant was provided effective assistance of counsel, even though counsel did not request the accomplice instruction.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

9

March 2, 1993

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

WILLIAM F. HOOKS
Appellate Defender Office
208 North Montana, Suite 104
Helena, MT  59620

HON. MARC RACICOT, Attorney General
Cregg Coughlin, Assistant
Justice Bldg.
Helena, MT 59620

Gerald J. Navratil
Dawson County Attorney's Office
P.O. Box 1307
Glendive, MT 59330

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
   Deputy