JUSTICE LEAPHART,
dissenting.
As much as the evidence supports the conviction of Cooney for his puerile but, nonetheless, threatening behavior, the law requires the State, in addition to proving the elements of stalking, to prove proper venue. I dissent from the majority’s determination that Powell County was a proper venue for the stalking charges filed against Cooney. Because neither Cooney’s criminal acts nor the effects of these criminal acts occurred in Powell County, I conclude that Powell County was not a proper venue for the charges against Cooney.
Section 46-3-110, MCA, establishes that in all criminal prosecutions, the charge must be filed in the county where the offense occurred unless the law provides otherwise. Section 46-3-111, MCA, establishes that trial generally must be held in the county where the charge is filed. This Court has held that “[a]lthough venue is not an element of the crime, it is a jurisdictional fact that must be proven at trial just as any other material element.” State v. Johnson (1993), 257 Mont. 157, 161, 848 P.2d 496, 498 (citation omitted). I note that this statement is contrary to the commission comments to § 46-3-111, MCA, which state that venue need only be proved by a preponderance of the evidence rather than beyond a reasonable doubt. However, I believe that in this case, the State failed to demonstrate by a preponderance of the evidence that Powell County was a proper venue.
Cooney was charged with stalking Ms. Busby between April 16, 1993 and June 13, 1993. The record indicates that Cooney sent several letters to Ms. Busby at her parent’s home in Helmville, Montana, which is in Powell County. Cooney also left several messages on Ms. Busby’s parent’s answering machine in Helmville. However, there is no testimony or other indication from the record *50 that Ms. Busby received any of these letters or phone messages in Helmville between April 16, 1993 and June 13, 1993. The majority states that Ms. Busby returned to Helmville in June of 1991 where she received letters, flowers and phone calls from Cooney. I do not believe that the record clearly reflects this fact. However, even if true, June of 1991 is not the relevant time period charged in the complaint. There is nothing in the record to indicate that Ms. Busby was in Helmville during the April through June 1993 time period for which Cooney was convicted of stalking.
The majority states that the plain language of § 46-3-112(2), MCA, supports the conclusion that venue was proper in Powell County. Section 46-3-112(2), MCA, reads:
When an act requisite to the commission of an offense occurs or continues in more than one county, the charge may be filed in any county in which the act occurred or continued.
I would agree with the majority’s analysis if Ms. Busby had received the letters or phone messages in Powell County. Based on the record before us, that is not the case. The majority goes on to state that “the result of many acts which formed the bases of the charge against Cooney occurred in Powell County.” (Emphasis added.) Cooney was charged as follows:
That on or about April 16,1993 to July 13,1993 at Powell County Montana, [Cooney] committed the offense of Stalking as specified in Chapter 292, Laws of Montana 1993 [now § 45-5-220, MCA].
The facts constituting the offense and the facts giving probable cause to believe the Defendant committed it are:
That the defendant purposely or knowingly caused Linnea Busby substantial emotional distress by repeatedly harassing, threatening or intimidating Linnea Busby in person, by phone, and by mail.
The only result of Cooney’s acts which is material for the purpose of establishing an element of the charge against him is Ms. Busby’s resulting substantial emotional distress. The record does not establish that Ms. Busby was in Powell County when she received any of the letters or messages or that she experienced resulting substantial emotional distress in Powell County.
The majority also states that State v. Cassill (1924), 70 Mont. 433, 227 P. 49, supports its conclusion that venue was proper in Powell County. However, Cassill is clearly distinguishable. In Cassill, the defendants, two bankers, were charged with having made false *51 statements to the superintendent of banks. The defendants falsely filled out a form in Powell County and mailed it to the superintendent in Lewis and Clark County. This Court held that the defendants could be properly tried in Powell County as the acts constituting the consummation of the offense occurred in two counties, either of which was a proper venue. Cassill, 227 P. at 51. Here, the State failed to establish either that Cooney sent the letters and messages from Powell County, or that Ms. Busby received them in Powell County. There is no evidence that the acts constituting the offense were consummated in Powell County.
The charges against Cooney should have been dismissed for failure to prove that Powell County was a proper venue. For the foregoing reasons, I dissent.