No. 03-151

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 273N

STATE OF MONTANA,

        Plaintiff and Respondent,

    v.

MICHAEL EUGENE LAMB,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
                    In and For the County of Cascade, Cause No. BDC 2001-217,
                    Honorable Julie Macek, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Carl B. Jensen, Attorney at Law, Great Falls, Montana

        For Respondent:

                Honorable Mike McGrath, Attorney General; Ilka Becker, Assistant
                Attorney General, Helena, Montana

                Brant Light, County Attorney, Great Falls, Montana

                    Submitted on Briefs:  August 7, 2003

                              Decided:  October 2, 2003

Filed:

_____
                          Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section 1, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Michael Eugene Lamb, Defendant and Appellant, appeals the denial of his Motion for Directed Verdict for failure to establish venue and for insufficient evidence to support an expired driver's license conviction by the Eighth Judicial District Court, Cascade County.

¶3 The issues on appeal are as follows:

¶4 1. Did the District Court err when it determined that there was sufficient evidence to prove venue?

¶5 2. Did the District Court err when it found there was sufficient evidence to support a conviction for driving with an expired driver's license?

## FACTUAL AND PROCEDURAL BACKGROUND

¶6 On January 23, 2003, Michael Lamb (Lamb) was brought to trial before a jury on charges of driving with an expired driver's license in violation of § 61-5-102, MCA; no motor vehicle insurance in violation of § 61-6-301, MCA; and assigning plates to another vehicle in violation of § 61-3-301(3), MCA. Deputy Cascade County Sheriff Roger Markham (the Deputy) testified at trial that he was patrolling the 3600 block of Third Avenue North in the Great Falls area on February 16, 2001, when he pulled Lamb over. Initially, the Deputy called dispatch and ran the vehicle license plates for a car that Lamb

2

was driving. The Deputy determined that the license plates did not belong to the car and stopped Lamb in the parking lot of Ike and Susan's at 38th and Second North Streets. After asking Lamb for his driver's license, the Deputy saw the license was expired and then called dispatch to further verify that the driver's license was expired. The Deputy also asked Lamb for insurance and registration but Lamb told the Deputy that he did not have any. In addition, when the Deputy asked Lamb about the vehicle license plates, Lamb told the Deputy that a friend had given the plates to him. The jury found Lamb guilty on all three charges.

## STANDARD OF REVIEW

¶7 In his brief, Lamb states the Court's standard of review for a *motion to dismiss* in a criminal case. In this case, the standard of review for a motion to dismiss is inappropriate. The record shows that Lamb made a motion for directed verdict. The denial of a motion for directed verdict based on insufficiency of evidence is reviewed for an abuse of discretion by the trial court.

> In reviewing the sufficiency of the evidence, this Court determines whether, upon viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*State v. LaMere*, 2003 MT 49, ¶ 13, 314 Mont. 326, ¶ 13, 67 P.3d 192, ¶ 13 (citing *State v. Miller*, 1998 MT 177, ¶ 21, 290 Mont. 97, ¶ 21, 966 P.2d 721, ¶ 21).

## ISSUE 1

¶8 *Did the District Court err when it determined that there was sufficient evidence to prove venue?*

3

¶9    Lamb argues that the Deputy's testimony is insufficient to establish that this incident occurred in Cascade County.

¶10    This Court has held that direct testimony that an offense was committed in a specific county is not required to prove venue. *State v. Jackson* (1979), 180 Mont. 195, 200, 589 P.2d 1009, 1013 (citing *State v. Campbell* (1972), 160 Mont. 111, 118, 500 P.2d 801, 804). In *State v. Johnson* (1992), 257 Mont. 157, 161, 848 P.2d 496, 498, testimony by three witnesses regarding a certain portion of a highway was sufficient to establish venue in Dawson County. In addition, in *Jackson*, testimony that an act took place in Billings, Montana, was sufficient to establish venue in Yellowstone County, Montana. *Jackson*, 180 Mont. at 201, 589 P.2d at 1013.

¶11    Here, the District Court found that venue was established because there was testimony concerning where the vehicle was initially located and where it was pulled over. The Deputy testified that he had gone to the "area of the 3600 block of Third Avenue North here in Great Falls;" and that he pulled Lamb over in the parking lot of Ike and Susan's, located on 38ᵗʰ and Second North Streets.

¶12    "Although venue is not an element of [a] crime, it is a jurisdictional fact that must be proven at trial just as any other material element." *Johnson*, 257 Mont. at 161, 848 P.2d at 498. A rational trier of fact could have found the Deputy's testimony sufficient to establish venue beyond a reasonable doubt. The District Court did not abuse its discretion, and as such, did not err when it denied Lamb's motion for a directed verdict for failure to establish venue.

**ISSUE 2**

4

¶13   *Did the District Court err when it found there was sufficient evidence to support a conviction for driving with an expired driver's license?*

¶14   Lamb argues that the Deputy's testimony regarding the expired driver's license was hearsay and as such was not sufficient to establish that Lamb's driver's license was expired.

¶15   It is not necessary to discuss whether or not the Deputy's testimony was hearsay and as such insufficient.   Lamb testified in court that he "knew [his] driver's license was expired" at that time.  Lamb's testimony alone was sufficient to establish that his license was expired.

¶16   The District Court did not abuse its discretion and did not err when it denied Lamb's motion for directed verdict for insufficient evidence because a rational trier of fact could have determined that Lamb's driver's license was expired.

¶17   Affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ JOHN WARNER
/S/ JIM RICE