JUSTICE LEAPHART
specially concurs.
*173 ¶49 I would reverse the conviction due to defense counsel’s ineffective assistance in failing to request an accomplice jury instruction pursuant to § 26-1-303(4), MCA.
¶50 Section 26-1-303(4), MCA, requires that, when proper, the court must instruct the jury that “the testimony of a person legally accountable for the acts of the accused ought to be viewed with distrust.” The State argues that this provision does not apply to Newman’s case because Jordan did not act as an accomplice. Section 45-2-302(3), MCA, states that “[a] person is legally accountable for the conduct of another when either before or during the commission of an offense with the purpose to promote or facilitate such commission, he solicits, aids, abets, agrees, or attempts to aid such other person in the planning or commission of the offense.” In addition, this Court defines “[a] true accomplice [as] one who knowingly, voluntarily and with common intent with the principal offender unites in the commission of a crime .... One may become an accomplice by being present and joining in the criminal act, by aiding and abetting another in its commission.” State v. Nordahl (1984), 208 Mont. 513, 517, 679 P.2d 241, 243 (citations omitted).
¶51 Jordan lived with Newman and testified to selling drugs on her behalf. Initially, Jordan even claimed all the drugs belonged to him; a story he did not change until cutting a deal with the State to testify against Newman in exchange for a suspended sentence. In knowingly selling drugs on Newman’s behalf, Jordan satisfies the statutory definition of “a person legally accountable” and this Court’s definition of an “accomplice.”
¶52 Newman argues that she received ineffective assistance because her counsel failed to request an accomplice jury instruction. “A criminal defendant is denied effective assistance of counsel if: (1) his counsel’s conduct falls short of the range reasonably demanded in light of the Sixth Amendment of the United States Constitution; and (2) counsel’s failure is prejudicial.” State v. Rose, 1998 MT 342, ¶ 12, 292 Mont. 350, ¶ 12, 972 P.2d 321, ¶ 12 (citations omitted). See also Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. The Strickland test “requires the defendant to establish prejudice by demonstrating that, but for counsel’s errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome, but it does not require that a defendant demonstrate that he would have been acquitted.” State v. Kougl, 2004 MT 243, ¶ 25, 323 Mont. 6, ¶ 25, 97 P.3d 1095, ¶ 25 (quotations and citations omitted).
*174 ¶53 Before examining an ineffective assistance of counsel claim on direct appeal, we generally look to the record to see whether we can answer “why’ counsel did or did not perform as alleged. Kougl, ¶ 14. If we can answer “why,” we will address the issue on appeal. If the claim is based on matters outside the record, we will refuse to address the issue on appeal and allow the defendant to file a postconviction proceeding. Kougl, ¶ 14; State v. Grixti, 2005 MT 296, ¶ 27, 329 Mont. 330, ¶ 27, 124 P.3d 177, ¶ 27. “Sometimes, however, it is unnecessary to ask ‘why in the first instance”-for example, “when counsel is faced with an obligatory, and therefore non-tactical, action.” Kougl, ¶ 15. In such a case, “the question is not ‘why but ‘whether’ counsel acted.” Kougl, ¶ 15. In my view, the circumstances of Newman’s trial qualify as such a case. The prosecution primarily relied on testimony from Newman’s brother, Randy Jordan, at trial. Initially, the State charged Jordan with criminal possession of dangerous drugs after police searched Newman’s home and Jordan claimed ownership of all of the drugs uncovered. Before the trial, however, Jordan, looking at thirty years in prison, agreed to testify against Newman in exchange for thirty years of probation. Pursuant to this agreement, J ordan testified that the marijuana in Newman’s house belonged to Newman, that she sold marijuana frequently, and that he too sold drugs on her behalf. A review of the trial record provides no explanation as to why defense counsel did not ask for an accomplice jury instruction with regard to Jordan’s testimony. Given the importance of Jordan’s testimony to the State’s case, and the significant benefit he received by testifying against his sister, the more appropriate question is whether counsel acted. In light of Jordan’s alleged complicity in Newman’s conduct, defense counsel had an obligation to request the instruction that the jury view Jordan’s accomplice testimony with suspicion.
¶54 If, for tactical reasons, counsel believes such an instruction would be inappropriate, counsel should make a record of that position.[1] In the absence of a strategic reason being apparent on the record or a statement on the record from defense counsel specifically declining such an instruction, the language of § 26-1-303(4), MCA, requires that when a witness purports to have been an accomplice of the accused, effective defense counsel must request an accomplice instruction.
*175 ¶55 In Kougl we faced the same issue presented here-that is, whether defense counsel’s failure to ask that the jury be instructed to view an accomplice’s testimony with suspicion constituted ineffective assistance of counsel. We held that since the State’s case against the defendant was largely based on the credibility of three accomplices, “trial counsel failed to use the law to strike at the heart of the State’s case” by not requesting the accomplice jury instruction. Kougl, ¶ 20. In light of this failure, Kougl experienced prejudice “because the instructions would have conveyed to the jurors that the law commanded them to view the State’s crucial evidence with distrust such that there is a reasonable probability they would have arrived at a different outcome.” Kougl, ¶ 26. We concluded that “trial counsel could have no plausible explanation for not asking for instructions on accomplice testimony,” and therefore her performance was deficient, satisfying the first prong of the Strickland test. Kougl, ¶ 24. In addition, we noted that Kougl’s trial counsel further failed him by not requesting an instruction that such testimony must be corroborated pursuant to § 46-16-213, MCA. “The corroborating evidence need not be robust in such a situation, but it must raise more than a suspicion of the defendant’s involvement in, or opportunity to commit, the crime charged.” Kougl, ¶ 21 (citations omitted).
¶56 It should be noted that in Kougl we distinguished State v. Johnson (1993), 257 Mont. 157, 848 P.2d 496, 499, a case involving the same issue: whether counsel incorrectly failed to request a jury instruction providing that accomplice testimony must be viewed with distrust. We determined in Kougl that because “Johnson claimed that he was not at the scene of the crime, ... asking the jury to view his accuser as an ‘accomplice’ would contradict this defense”; thus we held that a record-based justification existed for why Johnson’s counsel did not ask for an instruction on accomplice testimony, whereas no such record-based justification existed in Kougl. Kougl, ¶ 18 (citing Johnson, 257 Mont. at 163, 848 P.2d at 499). I think we need to clarify the Johnson rationale. To hold that an accomplice instruction is inappropriate when a defendant maintains his innocence is illogical. Because instructions only come into play at trial and no trial occurs unless the defendant maintains his innocence, under the Johnson rationale, an accomplice instruction would never be strategically appropriate, as it would always contradict the assertion of innocence. The unwritten assumption in Johnson is that a defendant who requests an accomplice instruction admits to having committed a criminal act in concert with *176 the accomplice[2] In my view, however, requesting an accomplice instruction in fact supports a defendant’s position of innocence by directing the jury to view with distrust the accusations of a witness who purports to have acted in concert. I would therefore qualify the Johnson rationale and require, pursuant to § 26-1-303(4), MCA, that when a witness purports to have been an accomplice, defense counsel must request an accomplice instruction or state on the record that, for tactical reasons, the defendant does not want the instruction given; in the words of § 26-1-303, MCA, counsel must make a record that, given the testimony, the case at hand is not a “proper occasion” for such an instruction. State v. Hall, 2003 MT 253, ¶ 30, 317 Mont. 356, ¶ 30, 77 P.3d 239, ¶ 30.
¶57 With regard to this case, Jordan’s testimony that he helped Newman sell drugs qualified him as a person “legally accountable for the acts of the accused.” Section 26-1-303(4), MCA. Given the importance of Jordan’s testimony in convicting Newman, trial counsel had an obligation to request an accomplice instruction directing the jury to view Jordan’s testimony with distrust. If the jury had received such an instruction, as well as been directed to find corroborating evidence for Jordan’s testimony, there is a reasonable probability it would have returned a not guilty verdict. In accord with our decision in Kougl, I can discern no tactical advantage to the trial counsel’s failure to request the appropriate accountability jury instructions. ¶58 I would reverse the conviction and remand for a new trial.
JUSTICE MORRIS joins the specially concurrence of JUSTICE LEAPHART.

 Although defense counsel is not normally required to make a record of why he or she is not requesting a jury instruction, such a procedure is logical when a particular instruction, aimed at protecting the defendant, is statutorily required in “appropriate” circumstances. Section 26-1-303, MCA.

 This concern assumes that the instruction is couched in terms of an “accomplice.” There is, however, no need to use the offending term “accomplice” in the jury instruction. Notably, the statute at issue does not use the term “accomplice.” Rather, it speaks in terms of a person “legally accountable.” Section 26-1-303(4), MCA.