FILED

May 5 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0492

DA 14-0492

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 120

KELLY MITCHELL,

      Petitioner and Appellant,

    v.

STATE OF MONTANA, DEPARTMENT OF
JUSTICE, MOTOR VEHICLE DEPARTMENT,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Twenty-Second Judicial District,
                    In and For the County of Carbon, Cause No. DV 14-72
                    Honorable Blair Jones, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            A.W. Kendall, Attorney at Law; Red Lodge, Montana

      For Appellee:

            Timothy C. Fox, Montana Attorney General, Brenda K. Elias, Assistant
            Attorney General; Helena, Montana

            Hope E. Freeman, Attorney at Law; Red Lodge, Montana

            Joel Todd, Red Lodge City Prosecutor; Red Lodge, Montana

                         Submitted on Briefs:  April 8, 2015
                                     Decided:  May 5, 2015

Filed:

                                  _____
                                          Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1     Kelly Mitchell appeals from the order of the Montana Twenty-Second Judicial District Court, Carbon County, denying his petition to reinstate his driver's license. We affirm.

## ISSUE

¶2     We review the following issue: *Did the District Court err when it decided that Mitchell violated § 61-8-328, MCA, by crossing the center line of a road with his vehicle?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶3     Police Officer Matthew Grieshop was patrolling a road near Red Lodge on May 31, 2014. At around 1:00 a.m., he began following two vehicles. The vehicle furthest from Grieshop was operated by Mitchell. After some time, the vehicle between Grieshop and Mitchell passed Mitchell's vehicle. As it did so, Mitchell's vehicle crossed over the yellow center line of the road. While Grieshop was following Mitchell, Mitchell's vehicle also crossed the fog line on the right side of the road. After observing these incidents, Grieshop stopped Mitchell's vehicle.

¶4     Grieshop issued Mitchell a citation for crossing the center line and then sought to administer a breath alcohol test. Mitchell refused to perform the test, and Grieshop arrested him for driving under the influence of alcohol or drugs. Pursuant to § 61-8-402, MCA, Mitchell's driver's license was suspended.

¶5     On June 24, 2014, Mitchell petitioned the District Court to reinstate his driver's license. Following a hearing on July 9, 2014, the District Court denied Mitchell's

2

petition. Reviewing video from Grieshop's vehicle, it decided that "Mitchell's vehicle slightly crossed over the yellow center line." Consequently, it concluded that Mitchell violated § 61-8-328, MCA, and that Grieshop had particularized suspicion sufficient to justify stopping Mitchell. The sole issue presented to the District Court was whether Grieshop had particularized suspicion to stop Mitchell's car.

## STANDARD OF REVIEW

¶6    We review a district court's legal conclusions for correctness. *E.g.*, *Brown v. State*, 2009 MT 64, ¶ 8, 349 Mont. 408, 203 P.3d 842.

## DISCUSSION

¶7    *Did the District Court err when it decided that Mitchell violated § 61-8-328, MCA, by crossing the center line of a road with his vehicle?*

¶8    Although Mitchell generally argues that his driver's license should be reinstated, the issue he presents is much narrower. The issue we consider in this Opinion is correspondingly narrow. Mitchell argues that Grieshop did not have particularized suspicion to justify his stop of Mitchell's vehicle. Mitchell acknowledges that any statutory violation would have been sufficient to establish particularized suspicion for a traffic stop. *See State v. Haldane*, 2013 MT 32, ¶ 26, 368 Mont. 396, 300 P.3d 657. He argues, however, that it is not a statutory violation, as a matter of law, to momentarily cross a road's yellow center line with a vehicle. To support this argument, Mitchell quotes § 61-8-328, MCA, which states that:

> Whenever a roadway has been divided into two or more clearly marked lanes for traffic . . . [a] vehicle must be operated as nearly as practicable entirely within a single lane and may not be moved from the lane until the operator has first ascertained that the movement can be made with safety.

3

Mitchell contends that the phrase "as nearly as practicable" indicates that the Legislature contemplated that vehicles would occasionally move from their lane, and he argues that the Legislature did not intend to make a momentary deviation from a lane of traffic a statutory violation.

¶9 When interpreting a statute, we first consider the plain meaning of the statutory language. We will not look any further if the meaning of the statute is clear on its face. *Mont. Sports Shooting Ass'n v. State*, 2008 MT 190, ¶ 11, 344 Mont. 1, 185 P.3d 1003; *see* § 1-2-101, MCA. As part of the plain meaning analysis, we consider the context in which the language is used. *See Mont. Sports Shooting Ass'n*, ¶ 11 ("We construe a statute by reading and interpreting the statute as a whole, 'without isolating specific terms from the context in which they are used by the Legislature.'" (quoting *City of Great Falls v. Morris*, 2006 MT 93, ¶ 19, 332 Mont. 85, 134 P.3d 692)).

¶10 Mitchell's interpretation of § 61-8-328, MCA, is not consistent with the language of the statute. A thing is "practicable," according to its ordinary definition, if it is reasonably possible to accomplish or feasible in a particular situation. *Black's Law Dictionary* 1361 (Bryan A. Garner ed., 10th ed. 2014); *The American Heritage Dictionary of the English Language* 1383 (5th ed. 2011). Considering this ordinary definition – especially in light of the statute's statement that "[a] vehicle . . . *may not be moved from the lane* until the operator has first ascertained that the movement can be made with safety" (emphasis added) – the meaning of § 61-8-328, MCA, is clear from its plain language. The plain meaning of the statute is not that momentarily crossing the

4

center line is permissible, but that moving from a lane of traffic is usually prohibited to the extent that it is feasible for a vehicle to be operated within the lane of traffic. Mitchell does not argue that it was not practicable for him to operate his vehicle inside the lane of traffic. Rather, he only argues that the statute provides an exception for any momentary deviation from a lane of traffic. The plain language of the statute, however, does not provide such an exception for *any* momentary deviation.[1]

¶11    Despite Mitchell's contention otherwise, our decision in *State v. Lafferty*, 1998 MT 247, 291 Mont. 157, 967 P.2d 363, is not inconsistent with this conclusion. In that case, we stated that § 61-8-328, MCA, "relates to moving from a marked traffic lane to another marked traffic lane. Here, [the Defendant] did not move from one of the marked eastbound traffic lanes . . . . She merely crossed onto and barely over the fog line on the far right side of the right traffic lane in which she was travelling." *Lafferty*, ¶ 14. Mitchell contends that we decided that the defendant in *Lafferty* did not violate § 61-8-328, MCA, because momentarily crossing a fog line or a center line is not a violation. This is incorrect. We did not find a violation because the defendant did not enter another lane of traffic. In this case, by crossing the center line, Mitchell did enter a different lane of traffic. For this reason, the situation in the present case is distinguishable from the facts on which our decision in *Lafferty* was based.

---

[1] This is not to say that a violation will exist every time a vehicle crosses a yellow center line or otherwise leaves its lane of traffic. This decision does not foreclose the possibility that it will not be practicable to remain in a lane of traffic in all situations. We merely decide, based on the narrow issue presented by Mitchell, that momentary deviations are not excepted per se.

¶12    For the foregoing reasons, the District Court did not err by deciding that Mitchell violated § 61-8-328, MCA, when he directed his vehicle across the yellow center line.

## CONCLUSION

¶13    Mitchell's argument that he did not violate § 61-8-328, MCA, when he briefly crossed a road's yellow center line with his vehicle is incorrect.  As this was the only basis on which he challenged his traffic stop and the resulting suspension of his driver's license, we affirm the District Court's order denying Mitchell's petition to reinstate his driver's license.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JIM RICE