FILED

06/28/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0307

DA 14-0307

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 157

STATE OF MONTANA,

Plaintiff and Appellee,

v.

RILEY JAMES CHARLO-WHITWORTH,

Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. ADC 13-59
Honorable Gregory G. Pinski, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Chad Wright, Chief Appellate Defender, Lisa S. Korchinski, Assistant
Appellate Defender, Helena, Montana

For Appellee:

Timothy C. Fox, Montana Attorney General, C. Mark Fowler, Assistant
Attorney General, Helena, Montana

John Parker, Cascade County Attorney, Amanda Lofink, Deputy County
Attorney, Great Falls, Montana

Submitted on Briefs:  April 6, 2016

Decided:  June 28, 2016

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Riley Charlo-Whitworth appeals his jury conviction of aggravated assault, criminal endangerment, and assault on a minor in the Eighth Judicial District Court, Cascade County.  We affirm.

¶2     We restate the issue on appeal as follows:

*Did the District Court err in not giving the defendant's proposed instruction on accomplice liability?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶3     Riley Charlo-Whitworth ("Whitworth") and Alexis Paul ("Paul") were engaged in a romantic relationship.  Whitworth was cohabitating with Paul and her 2-year-old child, M.P., in Great Falls.  The record shows that on the evening of January 25, 2013, Whitworth drove Paul to her second job at around 7:00 p.m.  Whitworth was then the sole caretaker of M.P.  He put the child to bed around 8:30 p.m., but M.P. woke up crying around 10:00 p.m.  Whitworth admitted during questioning by the police that he was frustrated with M.P. and shoved the child into a wall.  Whitworth admitted he spanked the 2-year old child's genitals and hit him with hammer-fisted blows.  M.P. was bleeding so Whitworth gave him a bath.

¶4     Around midnight Whitworth had to pick up Paul from work, so without any prior notice, he brought M.P. to Paul's uncle and aunt, who lived approximately three miles away.  After the child arrived, the aunt and uncle saw M.P.'s injuries, and noticed that M.P. was in pain and unresponsive.  Whitworth told them that M.P. had fallen down the stairs.  He left M.P. with the aunt and uncle.  He returned 20 minutes later with Paul.  The

aunt and uncle suggested to Paul that the child had been physically abused and that she should take M.P. to the hospital.

¶5     Paul, Whitworth and M.P. returned to their apartment.  After a while Paul realized that M.P. was seriously injured and Whitworth drove them to the hospital, where they arrived at 2:50 a.m.[1]   After examining M.P. the doctor found that the child had suffered severe trauma to his pancreas and several blows to his body and genitals, as well as a serious tear in his mouth.  Due to the severity of M.P.'s injuries, he was flown to Harborview Medical Center in Seattle for necessary medical care.

¶6     Whitworth was charged with several counts including Aggravated Assault, Criminal Endangerment and Assault on Minor.  Whitworth's theory of defense was that the injuries were inflicted by Paul, not him.  At trial the aunt and uncle testified as to the events of that night.  Whitworth proposed jury instructions directing the jury to view the aunt and uncle's testimony with distrust, pursuant to § 26-1-303(4), MCA, which provides that the "testimony of a person legally accountable for the acts of the accused ought to be viewed with distrust."  The District Court declined to provide that instruction. Whitworth was convicted of three felony counts and the Court imposed a sentence of 35 years in the Montana State Prison.  Whitworth appeals.

**STANDARD OF REVIEW**

¶7     We review jury instructions to assess whether they fairly and fully instruct the jury on the applicable law.  *State v. Allen*, 2010 MT 214, ¶ 22, 357 Mont. 495, 241 P.3d 1045

---

[1]  Paul subsequently pleaded guilty to Criminal Endangerment in a separate proceeding for failing to promptly provide medical attention to the child.

(*citing State v. Dewitz*, 2009 MT 202, ¶ 66, 351 Mont. 182, 212 P.3d 1040). A district court has broad discretion in instructing the jury. *State v. Courville*, 2002 MT 330, ¶ 15, 313 Mont. 218, 61 P.3d 749.

## DISCUSSION

¶8 *Did the District Court err in not giving the defendant's proposed instruction on accomplice liability?*

¶9 Montana law specifically states that "[a] person may not be found guilty of an offense on the testimony of one responsible or legally accountable for the same offense . . . unless the testimony is corroborated by other evidence that [independently] tends to connect the defendant with the commission of the offense." Section 46-16-213, MCA. Legal accountability exists when "either before or during the commission of an offense with the purpose to promote or facilitate the commission, the person solicits, aids, abets, agrees, or attempts to aid the other person in the planning or commission of the offense." Section 45-2-302(3), MCA. Section 26-1-303(4), MCA, directs the district court to instruct the jury "on all proper occasions" that "testimony of a person legally accountable for the acts of the accused ought to be viewed with distrust."

¶10 In *State v. Johnson*, we held that the district court should give the accomplice liability instruction on "all proper occasions" and that it is within the district court's discretion to judge whether the case is a "proper occasion." 257 Mont. 157, 163, 848 P.2d 496, 499 (1993); § 26-1-303(4), MCA. It is proper to give the instruction if there is significant accomplice testimony and the defendant requested the instruction. *Johnson*, 257 Mont. at 163, 848 P.2d at 499; § 26-1-303(4), MCA.

4

¶11     The purpose of the accomplice liability instruction is rooted in common sense. In our criminal justice system, we presume that witnesses will testify truthfully. Section 26-1-302, MCA. Nevertheless, Montana statutes also recognize the principle that if a person can avoid or lessen her punishment by testifying against another, that person will have strong motivations to not speak truthfully. Entitling a jury to view such testimony with disfavor is the specific purpose of the accomplice liability instruction in § 26-1-303(4), MCA.

¶12     However, the propriety of that instruction presupposes the existence of an accomplice. Section 45-2-302(3), MCA. Accordingly, if the defendant claims at trial that he did not commit the acts for which he is being tried, he cannot then ask the court to instruct the jury that a testifying witness aided the defendant in the commission of those acts. In other words, a person cannot be an accomplice to a person who did not commit the crime. Further, if there is no evidence to suggest that a testifying witness is legally accountable, then it is not proper to give the accomplice liability instruction. *State v. Hall*, 2003 MT 253, ¶ 30, 317 Mont. 356, 77 P.3d 239.

¶13     Our analysis in *Hall* clearly addressed this principle. If the defendant claims "he did not do it, he was not there, and is not culpable or responsible, so be it. But then in such an event, [the testifying witness] is not an accomplice, nor is he legally accountable within the meaning of the instruction. He just did it." *Hall*, ¶ 28 (quoting the district court). Relying on the specific facts of the case, we held in *Hall* that "it is not proper to give an accountability instruction where it is not supported by the evidence and is inconsistent with the defendant's claim of innocence." *Hall*, ¶ 30. *Hall* stands for the

proposition that if there is no evidence to establish legal accountability, then it is improper to instruct the jury that they should view the nonexistent accomplice's testimony with disfavor. *Hall*, ¶ 30. There must be a basis to support an accomplice liability instruction either in the facts of the case or in the theory of the defense. *See, e.g., State v. Green*, 2009 MT 114, ¶ 18, 350 Mont. 141, 205 P.3d 798 (it is proper to not request the accomplice liability instruction if it is inconsistent with theory of the defense), (*citing State v. Johnson*, 257 Mont. 157, 163, 848 P.2d 496, 499 (1993).) *See also State v. Higley*, 190 Mont. 412, 429, 621 P.2d 1043, 1054 (1980), (the propriety of a jury instruction is in part assessed on the defense's theory of the case). Furthermore, jury instructions must be applicable to the case. *Higley*, 190 Mont. at 429, P.2d at 1054. In other words, there must be some basis in the facts or evidence for presenting the law to the jury. *State v. David Hall*, 1999 MT 297, ¶ 43, 297 Mont. 111, 991 P.2d 929. The rule that jury instructions must fully and fairly instruct the jury on the law applicable to the record is embedded in Montana jurisprudence. *State v. Bosch*, 125 Mont. 566, 574, 242 P.2d 477, 481 (1952); *Jeffries Coal Co. v. Mont. State Indus. Accident Bd.*, 131 Mont. 511, 521, 312 P.2d 128, 134 (1957); *State v. Reiner*, 179 Mont. 239, 244, 587 P.2d 950, 953-54 (1978); *Dewitz*, ¶ 66. In Hall's particular case, the facts did not support an accomplice liability instruction, and such an instruction was inconsistent with his defense of total innocence. *See also Allen*, ¶ 22.

¶14 In this case, Whitworth argues on appeal that the District Court committed reversible error when it declined to instruct the jury pursuant to § 26-1-303(4), MCA. In support of his argument, Whitworth claims that the aunt and uncle were responsible for

the welfare of M.P. after seeing his injuries, and that their testimony was an effort to shift blame from Paul. As such they were at least accomplices to the crime of criminal endangerment.

¶15 Whitworth's arguments do not survive scrutiny. First of all, to the extent that Whitworth suggests that the aunt and uncle were accomplices to Paul, the instruction is not proper. Statutes are to be interpreted according to the plain meaning of the language used. *Mitchell v. State*, 2015 MT 120, ¶ 9, 379 Mont. 127, 347 P.3d 1278. Section 26-1-303(4), MCA, clearly limits the use of the instruction to cases where the witness is suggested to be an accomplice "for the acts of the *accused*," in this case Whitworth.

¶16 In order to qualify for an accomplice liability instruction for the assault charges, Whitworth has to present evidence that the aunt and uncle were involved in the physical abuse of M.P. *Hall*, ¶ 30. Nothing in the record suggests that the aunt and uncle aided Whitworth in any manner other than watching the child. The evidence indicates that M.P. arrived at their house after sustaining the injuries.

¶17 Moreover, neither was charged with criminal endangerment and nothing in the record indicates they committed that offense. They testified that they were deceived by Whitworth's story that the child had fallen down the stairs. And significantly, suggesting that the aunt and uncle were accomplices to Whitworth for the offense is inconsistent with his theory of defense. As such, it would not be proper to give the proffered instruction. *State v. Root*, 2015 MT 310, ¶ 15, 381 Mont. 314, 359 P.3d 1088.

¶18 We cannot conclude that the District Court abused its discretion when it declined to instruct the jury that the aunt and uncle were accomplices in the actions for which

Whitworth was charged. The instruction was not consistent with his theory of defense nor is it supported by any evidence in the record that the aunt and uncle were legally accountable for these crimes.

**CONCLUSION**

¶19    For the foregoing reasons, we affirm the District Court.


/S/ MIKE McGRATH


We Concur:

/S/ JIM RICE
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ MICHAEL E WHEAT